35 F.3d 637
 In re REPETITIVE STRESS INJURY LITIGATION.
Marguerite DEBRUYNE; Peter Debruyne; Gayle Simms; James
Simms; Madeline Bernice Strange; Robin A. Palley; Tonya
Moore; Cathy Mercantini; Shirley Badon; James Badon;
Karen Motchnik; Deborah Z. Zook; Thomas D. Zook; Linda E.
Hughes; Arthur S. Hughes; Lorraine Nieves; Maryland
Johnson Bush; Carol Jamieson; Carol Witzel; Edward S.
Witzel; Eunice A. Chattman; Ronald W. Chattman; Pamela J.
Holman; Terry Adamiak; Carmelita Tacbad; Mario Tacbad;
Belinda Edwards; Karen M. Lawrence; William R. Lawrence;
Eleanor M. Kelly; Robert M. Kelly; Joann N. Richmond;
Adelle Martin; Robert D. Martin; Anna M. Burroughs;
Raymond Burroughs; Margaret Johnson; James Johnson;
Margaret Depaolo; Elizabeth Moore; Gerald R. Moore;
Gladys Green; Amy L. Turrentine; Helen Countsouros;
Anthony Countsouros; Gregory Timmons; Kathleen W.
Trzeciak; Jane Teabout; Frances Manos; Sharon Kissling;
Barbara Day; Maria Paruolo; Josephine Esposito; Denise
D'Allesandro; Joan E. Bartek; Julius Bartek; Lorraine
Jabkowski; Victor L. Jabkowski; Frances Diane Pollack;
Alexander Pollack; Zorca S. Rada; Hugo Rada; Donna
Scaffaro; Terrence Scaffaro; Dorothy Debiase; Judith
Shoemaker; Benjamin Sotomayer; Argelia Ruiz,
Plaintiffs-Appellees-Petitioners,
v.
NATIONAL SEMICONDUCTOR CORPORATION; Stenograph Corp.;
Quixote Corporation; Atex, Inc.; Eastman Kodak Company;
Globe Food Equipment Company; Northern Telecom, Inc.;
Northern Telecom Ltd.; Bell Canada; Bell Northern Research
Ltd.; Kainsai Special USA Corp.; Data Point Corporation;
Prime Computer Inc.; System Integrators, Inc.; Zenith
Electronics Corp.; Zenith Data Systems, Inc.; Panasonic
Company; Flore Industries Inc.; Lockheed Corporation;
Ontel Corporation; Visual Technology Incorporated; NCR
Corporation; Memorex Corporation; Memorex Telex Corp.;
Apple Computer, Inc.; American Telephone and Telegraph
Company; Apollo Computers Inc.; Hewlett Packard Company;
Data General Corp. and as Successor to Datachecker Systems,
Inc., Defendants,
Wang Laboratories, Inc. and International Business Machines
Corporation, Defendants-Appellants-Respondents.
KAINSAI SPECIAL USA CORP., Third-Party Plaintiff,
v.
LEON LEVIN SONS, INC., Third-Party Defendant.
Compaq Computer Corp.; Zenith Data Systems, Intervenor.
Martha BAYLOR, Plaintiff-Appellee,
v.
XEROX CORPORATION, Defendant-Appellant,
and
International Business Machines, Inc. and Prime Computer,
Inc., Defendants.
Joan TANIN, Plaintiff-Appellee,
v.
STENOGRAPH CORP., Quixote Corporation, Defendants-Appellants.
Verna Mae HOLLEY, Donald Holley, Dorothy Tarmel, Lucille
Daniels, George Daniels, Linda G. Dimasi, Nicholas
Soviero, Carol Soviero, Plaintiffs-Appellees,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, NCR
Corporation, Memorex Corporation, Memorex Telex
Corp., American Telephone and Telegraph
Company, Defendants,
NEC America, Inc., also known as Nippon Electric N.Y., NEC
Business Communications Systems, Inc., formerly known as MTI
Business Communications Systems, Inc., NEC Electronics,
Inc., formerly known as NEC Electronics, USA, Inc.,
Defendants-Appellants.
Audrey HULSE, Lewis R. Hulse, Plaintiffs-Appellees,
v.
APPLE COMPUTERS INC., Defendant,
Sony Corporation of America, Defendant-Appellant.
Margaret CARR, Plaintiff-Appellee,
v.
DATA GENERAL CORP., Defendant-Appellant.
 Nos. 550, 715, 723, 719, 725 and 713, Dockets 92-7732,
92-7962, 92-9006, 92-9014, 92-9016 and 92-9018.
 United States Court of Appeals,
Second Circuit.
 Petition for Rehearing Jan. 10, 1994.
Decided July 29, 1994.
 
 Steven J. Phillips, New York City (Levy Phillips & Konigsberg, Michael A. Ponterio, Lipsitz Green Fahringer Roll Salisbury & Cambria, Buffalo, NY, Arnold C. Lakind, Szaferman Lakind Blumstein Watter & Blader, Lawrenceville, NJ, Alaine S. Williams, Willig Williams & Davidson, Philadelphia, PA, of counsel), for plaintiffs-appellees-petitioners.
 Before: MESKILL, Chief Judge*, PRATT and WINTER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 Plaintiffs-appellees petition for rehearing following our decision in In re Repetitive Stress Injury Litig., 11 F.3d 368 (2d Cir.1993). They argue that our sua sponte grant of a writ of mandamus deprived both them and the district court of an opportunity to oppose mandamus relief. Furthermore, petitioners claim that events in the underlying litigation subsequent to the filing of the appeal render our decision "disruptive, improvident and potentially unjust." Because we agree that the district court should have been afforded an opportunity to respond before our issuance of a writ of mandamus, we now provide such an opportunity. Otherwise, the petition for rehearing is denied.
 
 
 2
 We assume familiarity with our previous decision. Id. We held there that the consolidation under Fed.R.Civ.P. 42(a) of forty-four cases involving a broad variety of factual situations and legal contexts was an abuse of discretion. Therefore, although we dismissed the appeal for lack of appellate jurisdiction, we granted mandamus relief sua sponte.
 
 
 3
 Petitioners first argue that our decision to grant mandamus relief sua sponte violates Fed.R.App.P. 21(b) because it deprived both them and the district court of the opportunity to oppose issuance of the writ directly. We see no reason to seek further argument from petitioners. However, Rule 21(b) provides in relevant part that upon the court's preliminary determination that a writ should be granted,
 
 
 4
 [t]he order shall be served by the clerk on the judge or judges named respondents and on all other parties to the action in the trial court.... If the judge or judges named respondents do not desire to appear in the proceeding, they may so advise the clerk and all parties by letter, but the petition shall not thereby be taken as admitted.
 
 
 5
 Rule 21(b) is directed toward a litigant seeking a writ of mandamus and does not prohibit us in the exercise of our powers under the All Writs Act, 28 U.S.C. Sec. 1651, from treating an appeal by a litigant as a petition for a writ of mandamus. That Act grants broad authority to "[t]he Supreme Court and all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. Sec. 1651 (1988); see also In re Hooker Invs. Inc., 937 F.2d 833, 837 (2d Cir.1991).
 
 
 6
 Our practice, however, has alternated between considering appropriate appeals as petitions for writs of mandamus themselves, id., and considering such appeals as motions for leave to file a petition for a writ of mandamus. Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 652 (2d Cir.1987). The Supreme Court has noted the difference between the two procedures but explicitly declined to express an opinion on the propriety of either approach. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 n. 14, 108 S.Ct. 1133, 1143-44 n. 14, 99 L.Ed.2d 296 (1988). In issuing our prior opinion, we treated the appeal as a petition for a writ of mandamus itself. However, upon reconsideration, we believe the better course would have been to treat the appeal as a motion for leave to file a petition for a writ of mandamus. As Judge Friendly recognized in International Prods. Corp. v. Koons, 325 F.2d 403, 407 (2d Cir.1963), the primary justification for treating an appeal as a motion for leave to file a petition for a writ of mandamus rather than as such a petition itself is, "a desire to afford an opportunity for response by the [district] judge, in addition to that made by the party favored by his order." In practice, however, Judge Friendly observed that, "[a]n expression of this Court's views on such a motion will generally obviate any need for a petition or a writ, while leaving it open to the judge to await a formal petition in the rare case where he wishes to be heard." Id.
 
 
 7
 Although our opinion has issued, we believe that the better course is to afford Judge Hurley, who now presides over all relevant proceedings, the opportunity to appear and file whatever papers he chooses in this rehearing proceeding. If he intends to file such papers, he should notify the clerk within 10 days of this opinion. They should be filed within 30 days thereafter. To that extent, the petition for rehearing is granted.
 
 
 8
 Petitioners' next argument regards the merits. They claim that our decision, if implemented, would be "disruptive, improvident and potentially unjust." They base this argument on an assertedly mistaken factual premise of our opinion, that "as matters presently stand, all counsel must attend all discovery and all court proceedings." In re Repetitive Stress, 11 F.3d at 371. While petitioners are technically correct in that each defendant was not legally required to attend all of the proceedings, each proceeding is legally part of each case under the consolidation order, and defendants would be foolhardy not to attend any proceeding that might conceivably affect their respective suits.
 
 
 9
 Petitioners furthermore suggest that we should have considered the evolution of the litigation following the notice of appeal and "should have inquired to learn how that sensitivity [to the possibility of severance or creation of subgroups] had played out in subsequent proceedings[ ] before authoring its opinion." This argument is misplaced because the development of the procedures under the district court's consolidation order is not relevant to review of the order itself. As our opinion was at pains to point out, we reviewed only the consolidation order and did not preclude procedures that allow aggregated handling of evidentiary or legal issues found to be common to more than one case.
 
 
 10
 The petition for rehearing is granted to the extent that the district court will be afforded an opportunity to present its views on the petition for rehearing. Otherwise, it is denied.
 
 
 
 *
 Following oral argument, but before the issuance of this opinion, Judge Meskill stepped down as Chief Judge