■ REBECCA AIKMAN et al., Respondents, v ATEX, INC., Appellant. REBECCA AIKMAN et al., Respondents, v ELECTRONIC PRE-PRESS SYSTEMS, INC., et al., Appellants. [637 NYS2d 123] —Order, Supreme Court, New York County (Stephen Crane, J.), entered on or about September 14, 1994, which, in an action brought by four individuals to recover for repetitive stress injury allegedly sustained as a result of use of defendant's keyboard equipment, denied defendant's motion for a severance or separate trial of plaintiffs' claims, but directed impanelment of four juries, unanimously affirmed, without costs.

We concur with the Second Circuit in *In re Repetitive Stress Injury Litig.* (11 F3d 368, 373, *reh granted in part* 35 F3d 637, *reh denied* 35 F3d 640) that the factors listed in *Johnson v Celotex Corp.* (899 F2d 1281, 1285, *cert denied* 498 US 920 [asbestos litigation]; *see also, Malcolm v National Gypsum Co.*, 995 F2d 346, 351-352) are an appropriate guideline in deciding whether repetitive stress injury claims should be joined together. We agree with the IAS Court that all of the factors—common worksite, similar occupation, similar time of exposure, similar injury, status of disclosure on each claim, and representation by the same attorney—are present here. Any possibility of jury confusion was mitigated by the IAS Court's decision to impanel four separate juries (*see, In re Joint E. & S. Dist. Asbestos Litig.*, 125 FRD 60, 67). No other demonstrable prejudice is shown in the case which, as the IAS Court explained, "is limited to four plaintiffs * * * who allege injuries caused by one defendant's negligent and improper design, production, manufacture and sales of a limited number of keyboards to [plaintiffs' common employer] * * * and identical theories of liability under [a single jurisdiction's] laws" (*comparing In re Repetitive Stress Injury Litig., supra; cf., Malcolm v National Gypsum Co.*, 995 F2d 346, 351-352, *supra*). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.