■ CEFERINA CENTENO, Appellant, v CITY OF NEW YORK, Respondent. [637 NYS2d 415] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about June 24, 1994, which denied plaintiff's motion to amend her notice of claim pursuant to General Municipal Law § 50-e (6), and granted defendant's cross motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e (2), unanimously affirmed, without costs.

Plaintiff's motion to amend her notice of claim, made over three years after the accident, was properly denied, defendant having already conducted and completed an investigation at the incorrect site set forth in the notice of claim. Where the municipality is misled by the erroneous notice of claim to conduct an investigation at the wrong site, this circumstance alone results in serious prejudice (*Matter of Adlowitz v City of New York*, 205 AD2d 369). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Tom, JJ.

■ In the Matter of WELTON BECKET ASSOCIATES et al., Appellants, et al., Petitioner, v LLJV DEVELOPMENT CORP. et al., Respondents. [637 NYS2d 723] —Order (denominated a judgment), Supreme Court, New York County (Beverly Cohen, J.), entered May 3, 1995, which denied petitioners' motion for leave to conduct certain additional pre-arbitration discovery and for leave to amend their petition, unanimously affirmed, with costs.

The relevant issue to be pursued at the pre-arbitration hearing is the framed issue, which is whether "various of the petitioners may be bound by the arbitration agreement by reason of being the signatory's alter egos, successors and/or assigns", as to which "a hearing, and attendant disclosure, is needed in order to determine the relevant relationships and, ultimately, the proper parties to the arbitration" (193 AD2d 478). The IAS Court properly gave law of the case effect to our prior ruling in barring petitioners' efforts to explore additional issues (*cf.*, *Wilson v McCarthy*, 53 AD2d 860). Denial of leave to amend was a proper exercise of the court's discretion (*see*, *Branch v Abraham & Strauss Dept. Store*, 220 AD2d 474). We have considered petitioners' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Tom, JJ.