OPINION OF THE COURT
George A. Murphy, J.
The plaintiff’s posttrial motion at bar for an order awarding, inter alia, reasonable attorneys’ fees (pursuant to a statutory violation) presents an issue of apparent first impression in New York:[1] may an award of prejudgment interest be reduced if a court concludes that plaintiff has unreasonably delayed the prosecution of the case? After reviewing and extrapolating the Court of Appeals conclusions and commentaries in unrelated cases involving issues of prejudgment interest in bifurcated personal injury actions, and upon considering Federal appellate court interpretation of New York’s prejudgment interest statute (CPLR 5001), this court answers the question posed in the negative.
This action was commenced six years ago and along its arduous journey to trial, two plaintiffs, nine causes of action and a punitive damages claim were dismissed by various court orders. Finally, after a one-month trial, the jury ultimately made a finding of liability against the defendant on one of the plaintiff’s two remaining causes of action, a violation of Vehicle and Traffic Law § 463 (2) (k) and § 466 (1) under the Franchised Motor Vehicle Dealer Act, and compensated plaintiff in the sum of $325,000.
The parties then stipulated in court to submit a posttrial motion with respect to the remaining disputed issues of (1) the length of time accruing on prejudgment interest, and (2) the award, if any, to the plaintiff, as an aggrieved franchised motor vehicle dealer, of reasonable attorneys’ fees, costs and disbursements under Vehicle and Traffic Law § 469.
Plaintiff seeks the usual prejudgment interest award computed in this type of action, and has calculated this sum to *739 be $175,820.54.[2] Defendant does not dispute the date that interest should be calculated from, but rather that 20 months worth of interest should be subtracted from the six years of prejudgment interest that accrued to the time of the jury’s verdict. Defendant contends that the plaintiff unnecessarily delayed the prosecution of its case for 20 months and consequently the defendant should not bear a monetary penalty for plaintiff’s inactivity.
The statute governing a plaintiff’s entitlement to interest on a damages award is CPLR article 50. CPLR 5001 (a) mandates that: "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court’s discretion.” Clearly the Legislature could have granted the court discretionary authority to fix the amount of interest in all actions, whether in law or in equity, but it chose not to do so. Thus, the application of this statute should be straightforward.
Redress in court has been sought, however, when the plaintiff’s right to prejudgment interest has turned on the question of fault, i.e., that the delay in the assessment of plaintiff’s damages should be charged against the party causing it (see, Trimboli v Scarpaci Funeral Home, 30 NY2d 687, affg on opn below 37 AD2d 386, 389; Brock v State of New York, 77 AD2d 670, 671; Malkin v Wright, 64 AD2d 569, 570-571). Unlike the case at bar, those disputes over the computation of interest arose in actions where the trial issues of liability and damages were bifurcated, appeals ensued and the subsequent application of CPLR 5002 (computing interest from "the date the verdict was rendered”) were called into question. The Court of Appeals eventually discarded the use of fault-based analysis in determining when the right to prejudgment interest accrues (Dingle v Prudential Prop. & Cas. Ins., 85 NY2d 657, 662; Love v State of New York, 78 NY2d 540). "[Responsibility for the delay should not be the controlling factor in deciding whether interest is to be computed from the date of the liability verdict or, instead, from the date of the verdict on damages” (Love v State of New York, supra, at 544).
*740 The defendant’s effort here to avoid having to pay the equivalent of 20 months of interest is belated and in contravention of public policy. Interest "is not a penalty. Rather, it is simply the cost of having the use of another person’s money for a specified period [citation omitted]. It is intended to indemnify successful plaintiffs 'for the nonpayment of what is due to them’ [citation omitted]” (Love v State of New York, supra, at 544). In this context, interest must be viewed as an integral part of plaintiff’s recovery; thus, connecting the defendant’s obligation to pay interest with the assignment of responsibility for delaying the litigation could result in the plaintiff not being fully compensated by the defendant, "who * * * had the use of the money * * * and, consequently, has realized some profit, tangible or otherwise, from having it in hand during the pendency of the litigation” (Love v State of New York, supra, at 545; Dingle v Prudential Prop & Cas. Ins., supra).
There is no basis upon which a court can be asked, in nonequitable actions described in CPLR 5001 (a), to explore or analyze a case from its inception as to what degree one or the other of the contesting litigants should bear the onus of delayed litigation (see, Spector v Mermelstein, 485 F2d 474 [2d Cir 1973]). To do so in the case at bar would establish an inappropriate precedent. Accordingly, the branch of plaintiff’s mo-. tion for an order awarding the plaintiff prejudgment interest from June 4, 1990 to June 7, 1996, is granted.
Turning to the branch of plaintiff’s motion seeking an award of reasonable counsel fees pursuant to Vehicle and Traffic Law § 469, plaintiff’s counsel requests an award of $180,000. Counsel arrives at this figure as a compromise between his fee based on an hourly rate (932.25 billable hours totalling $205,156.25) and a one-third "contingency fee” based on the jury verdict on damages plus interest from June 4, 1990 to June 7, 1996 ($166,833.33). Defendant counters by arguing that since (a) plaintiff sought millions of dollars in damages and only was awarded $325,000, (b) the case was not complex, and (c) plaintiff unnecessarily delayed the case, the plaintiff is not entitled to an award of counsel fees, but if the court was inclined to grant an award of reasonable counsel fees, it should be limited to one third of the damages verdict ($108,333.33). No retainer agreement has been submitted to the court.
After reviewing the time sheets submitted by plaintiff’s counsel, and upon applying such well-established criteria as plaintiff’s counsel’s expertise, the level of difficulty of the *741 proceedings, the time spent by counsel, the nature of the result obtained, and what is the fair and reasonable value of the services provided by plaintiff’s counsel to the plaintiff (see, Chernofsky & DeNoyelles v Waldman, 212 AD2d 566), the court awards the plaintiff reasonable attorneys’ fees in the sum of $125,000.
Finally, as to the question of the amount of costs and disbursements to be awarded to the plaintiff, the court agrees with defendant’s proposed award of costs and disbursements of $1,408.05 for the reasons proffered by the defendant (CPLR 8201 [1], [2]; 8301 [a] [9], [12]).

. There are no officially reported New York State court decisions addressing the issue of whether an award of prejudgment interest may be reduced because of the (purported) delay(s) attributable to a plaintiff.
The underlying action at bar also involved other matters of first impression in New York which have not been reported, e.g., the violation of the Franchised Motor Vehicle Dealer Act by the defendant.

. A plaintiff in a personal injury action is not entitled to recover interest from the date the cause of action accrued (see, Love v State of New York, 78 NY2d 540, 542).