■ Edward Siino, Appellant, v New York City Transit Authority, Respondent. [671 NYS2d 216] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about December 19, 1996, which granted defendant's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e (2) and denied plaintiff's cross motion to amend his notice of claim pursuant to General Municipal Law § 50-e (6), unanimously affirmed, without costs.

Plaintiff's motion to amend his notice of claim, made more than six years after the accident, was properly denied, defendant having established that the erroneous accident date supplied not only in the notice of claim but also at the General Municipal Law § 50-h hearing, in the bill of particulars and at the examination before trial prejudiced its investigation by preventing it from obtaining the aided report until one of its attorneys, preparing for trial, surmised the correct date from plaintiff's medical reports (see, Centeno v City of New York, 224 AD2d 268). As it happened, the aided report indicated an accident location different from that specified in the notice of claim, compounding the prejudice. We see no reason for charg-

ing defendant with knowledge of the correct date immediately upon its receipt of the medical reports when plaintiff's attorney also had the reports yet remained oblivious to the error. Concur—Ellerin, J. P., Wallach, Rubin and Tom, JJ.