■ PAULETTE SHAW, Respondent, v DOLORES JACOBS et al., Appellants, et al., Defendant. [719 NYS2d 709] —In an action to recover damages for personal injuries, the defendants Dolores Jacobs and Herbert Jacobs, Jr., appeal from a judgment of the Supreme Court, Queens County (Price, J.), dated August 13, 1999, which, upon a jury verdict finding them 100% at fault in the happening of the accident, and the denial of their motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the plaintiff and against them in the principal sum of $25,000 for past pain and suffering.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, and a new trial on the issue of damages is granted, with costs to abide the event.

Contrary to the appellants' contention, the trial court properly submitted to the jury the issue of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see, Licari v Elliott, 57 NY2d 230). However, we agree with their contention that the jury verdict was inconsistent. The jury found that the plaintiff sustained an injury which resulted in a "permanent loss of use of a body organ, member, function or system" (Insurance Law § 5102 [d]), yet failed to award any damages for future pain and suffering. The failure to award any future damages cannot be reconciled with the finding of permanent injury (see, Sescila v Garine, 225 AD2d 684; Laylon v Shaver, 187 AD2d 983; see also, Cochetti v Gralow, 192 AD2d 974). Accordingly, a new trial on the issue of damages is warranted.

The appellants' remaining contentions are without merit. Bracken, Acting P. J., O'Brien, Santucci and Florio, JJ., concur.