■ ATAOLLA AJOUDANPOUR et al., Plaintiffs, v RHONDA GLOBMAN, Also Known as RHONDA GROBMAN, et al., Defendants. (Action No. 1.) LINDSAY GROBMAN, Appellant-Respondent, v ADAM J. CHERNOFF et al., Respondents-Appellants, et al., Defendants. (Action No. 2.) ROBIN ROSENTHAL, Plaintiff, v ADAM J. CHERNOFF et al., Defendants. (Action No. 3.) [767 NYS2d 816]—

In three related actions to recover damages for personal injuries, etc., the plaintiff in Action No. 2 appeals from a judgment of the Supreme Court, Nassau County (Honorof, J.), entered August 28, 2001, which, upon a jury verdict, is in favor of her and against the defendants Adam J. Chernoff and Rhonda Globman, also known as Rhonda Grobman in Action No. 2, in the principal sum of only $10,000, and the defendants Adam J. Chernoff and Rhonda Globman, also known as Rhonda Grobman in Action No. 2, cross-appeal from the same judgment.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages, with costs to abide the event.

We agree with the contention of Lindsay Grobman, the plaintiff in Action No. 2 (hereinafter the plaintiff), that the jury verdict was inconsistent. The jury found that the plaintiff, inter alia, sustained an injury which resulted in a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]), and awarded her damages for future medical expenses, yet failed to award any damages for future pain and suffering. The failure to award any damages for future pain and suffering cannot be reconciled with the finding of permanent injury (*see Shaw v Jacobs,* 279 AD2d 624 [2001]; *Sescila v Garine,* 225 AD2d 684, 685 [1996]; *Laylon v Shaver,* 187 AD2d 983 [1992]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new trial on the issue of damages. In light of our determination, we need not address the plaintiff's claim that the award for past pain and suffering was inadequate. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.