■ DORIS SOTOMAYOR, Appellant-Respondent, v ENTERPRISE PACKAGING CORP. et al., Respondents-Appellants. [781 NYS2d 455]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Schneier, J.), entered October 17, 2002, as, upon a jury verdict on the issue of damages, and upon an order of the same court dated January 3, 2002, denying her motion pursuant to CPLR 4404 (a) to set aside the verdict as to future pain and suffering as against the weight of the evidence, failed to award her damages for future pain and suffering, and the defendants cross-appeal from so much of the same judgment as, upon the jury verdict, is in favor of the plaintiff and against them in the principal sum of $50,000 for past pain and suffering.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff argues that the jury's failure to award her any damages for future pain and suffering cannot be reconciled with its finding that, as a result of the subject accident, she sustained a permanent consequential limitation of use of a body organ or member (*see* Insurance Law § 5102 [d]; *Ajoudanpour v Globman*, 2 AD3d 373 [2003]; *Ciatto v Lieberman*, 1 AD3d 553, 557 [2003]; *Shaw v Jacobs*, 279 AD2d 624 [2001]; *Sescila v Garine*, 225 AD2d 684, 685 [1996]). However, the plaintiff failed to preserve this issue for appellate review by raising it before the jury's discharge (*see Barry v Manglass*, 55 NY2d 803 [1981]).

The award of the damages in the principal sum of $50,000 for the plaintiff's past pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.