■ LINDSAY GROBMAN, Appellant, v RHONDA CHERNOFF et al., Defendants, and RHONDA GROBMAN et al., Respondents. [826 NYS2d 709]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated January 20, 2006, as granted that branch of the motion of the defendants Rhonda Grobman and Adam Chernoff which was to compel her to proceed to arbitration on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Adam Chernoff and Rhonda Grobman which was to compel the plaintiff to proceed to arbitration on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

At the conclusion of the damages phase of a bifurcated trial, the jury returned a verdict finding that the plaintiff had sustained an injury which resulted in a "permanent consequential limitation of use of a body organ or member," and thus constituted a "serious injury" within the meaning of Insurance

Law § 5102 (d). The jury awarded the plaintiff damages for past pain and suffering and future medical expenses, but failed to award her damages for future pain and suffering. A judgment was entered upon the jury verdict, and the plaintiff appealed, contending, inter alia, that the damages verdict was inconsistent and the sums awarded inadequate. Although the defendants Adam Chernoff and Rhonda Grobman (hereinafter the defendants) cross-appealed from the judgment, they failed to perfect their cross appeal, and it was dismissed as abandoned. In a decision and order dated December 1, 2003 this Court concluded that the jury's verdict finding that the plaintiff had sustained a permanent serious injury could not be reconciled with the failure to award her damages for future pain and suffering, and remitted the matter solely for a new trial on the issue of damages. The parties thereafter agreed to submit the issue of damages to arbitration, but a dispute arose as to whether the arbitration should encompass the issue of serious injury.

Under these circumstances, the Supreme Court erred in granting that branch of the defendants' motion which was to compel the plaintiff to proceed to arbitration on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d). The jury's determination that the plaintiff sustained a serious injury, which the defendants failed to challenge on appeal, constituted a final and binding determination of this issue, especially in light of its award of future medical expenses. Accordingly, the issue of whether the plaintiff sustained a serious injury may not be relitigated in arbitration (*see Singh v Friedson,* 10 AD3d 721 [2004]; *Beresford v Waheed,* 302 AD2d 342 [2003]; *see also Matter of Welton Becket Assoc. v LLJV Dev. Corp.,* 224 AD2d 268 [1996]; *Smyczynski v Genesis Mktg. Group of Am.,* 185 AD2d 658 [1992]). Miller, J.P., Krausman, Spolzino, Fisher and Dillon, JJ., concur.