■ LINDSAY GROBMAN, Appellant, v RHONDA CHERNOFF et al., Defendants, and RHONDA GLOBMAN et al., Respondents. [881 NYS2d 458]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated August 4, 2008, as granted that branch of the cross motion of the defendants Rhonda Globman, also known as Rhonda Grobman and Adam J. Chernoff which was, in effect, to disallow the plaintiff pre-arbitration award interest upon an arbitration award dated April 9, 2008, determining, after a hearing on the

issue of damages only, that the plaintiff was entitled to an award of damages in the amount of $125,000, and, in effect, directed that interest at the "judgment rate" was to run from the date of the arbitration award to the date of the plaintiff's receipt of payment of the award.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants Rhonda Globman, also known as Rhonda Grobman and Adam J. Chernoff which was, in effect, to disallow the plaintiff pre-arbitration award interest upon the arbitration award dated April 9, 2008, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment pursuant to CPLR 7514 (a), in accordance herewith.

On August 22, 1996 the plaintiff was involved in an automobile accident. She was a passenger in a vehicle driven by the defendant Adam J. Chernoff, and owned by the defendant Rhonda Globman, also known as Rhonda Grobman (hereinafter the respondents). A bifurcated trial was held in the plaintiff's ensuing action to recover damages for her personal injuries. Following the liability phase, on June 25, 2000, a jury found the respondents 100% at fault in the happening of the accident.

In the subsequent trial on the issue of damages, the jury found, among other things, that the plaintiff had sustained a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]). It awarded her damages for future medical expenses, but did not award anything for future pain and suffering. A judgment subsequently was entered upon the verdict in the principal sum of $10,000, composed of $1,100 for past pain and suffering and $8,900 for future medical expenses.

On appeal, this Court reversed the judgment, agreeing with the plaintiff that the jury's verdict was inconsistent in finding that she sustained a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]), and in awarding damages for future medical expenses, but in failing to her award her any damages for future pain and suffering. The matter was remitted for a new trial on the issue of damages (see Ajoudanpour v Globman, 2 AD3d 373 [2003]).

Thereafter, the parties agreed to submit the issue of damages to an arbitrator for resolution. However, a dispute arose as to whether the issue of "serious injury" should be submitted in that forum. The plaintiff refused to submit the issue to arbitra-

tion, and the arbitrator refused to hear the case if that issue was excluded. The respondents then moved in the Supreme Court to compel the plaintiff to proceed to arbitration on the issue of damages, including the issue whether she sustained a serious injury within the meaning of the Insurance Law. The plaintiff opposed the motion. In an order dated January 20, 2006, the Supreme Court granted the respondents' motion, and directed the arbitrator to decide all issues, including the threshold issue of serious injury.

In a decision and order dated December 19, 2006 (see *Grobman v Chernoff*, 35 AD3d 658 [2006]), this Court reversed, concluding that the jury's determination that the plaintiff sustained a serious injury, which the defendants failed to challenge on the first appeal, constituted a final and binding determination of the issue, which could not be relitigated in arbitration.

The arbitration agreement, dated December 13, 2004, contains a section with a heading which reads, "AT ISSUE: Damages," and it further reflects the parties' agreement to high/low parameters of $150,000 and $10,000. The agreement is silent on the issue of whether any damages award was to include interest.

A hearing was held before an arbitrator, who rendered an award in the plaintiff's favor in the sum of $125,000, on April 9, 2008. The award was silent on the issue of interest.

Thereafter, the plaintiff moved, inter alia, pursuant to CPLR article 75 to confirm the award, and to enter judgment thereon. The respondents submitted an affirmation of counsel in "partial opposition" to the motion. As relevant here, the respondents' counsel stated that a check in the sum of $125,000, dated May 23, 2008, had been tendered to the plaintiff's attorney, who "implied" that the plaintiff was entitled to interest in the amount of $90,000. The respondents' counsel argued that any attempt to seek a judgment in excess of $125,000 was improper.

By notice of cross motion dated contemporaneously with their "partial opposition," the respondents cross-moved, inter alia, pursuant to CPLR article 75 to confirm the arbitration award, and to enter judgment thereon in the amount of $125,000, which already had been tendered to the plaintiff. Thus, in effect, the respondents sought to preclude the plaintiff from recovering pre-arbitration award interest. The plaintiff opposed the cross motion. Among other things, she argued that the liability verdict in her favor was rendered on June 25, 2000 and if she was to be made whole in the context of the bifurcated procedure utilized in her case, interest on her damages award had to be computed from that date to the date of entry of the final judgment.

In the order appealed from, the Supreme Court granted both the motion and the cross motion, and confirmed the $125,000 award, with interest at the "judgment rate" to run from the date of the arbitration award (i.e. Apr. 9, 2008), to the date the plaintiff received the check the respondents tendered the following month. In other words, the Supreme Court disallowed pre-award interest. We now modify.

"A successful plaintiff's entitlement to interest on a civil damages award is, in general, governed by CPLR article 50" (*Love v State of New York,* 78 NY2d 540, 542 [1991]). In an action to recover damages for personal injuries, interest may be recovered upon the total sum awarded, including interest to the verdict, report or decision, "from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment" (CPLR 5002; *Love v State of New York,* 78 NY2d 540, 542 [1991]).

The Court of Appeals has made it clear that in a personal injury action in which the trial is bifurcated, interest runs on the damages awarded from the date liability is determined (*see Love v State of New York,* 78 NY2d 540 [1991]). In *Love,* the Court observed that interest is not a penalty, but rather is the "cost of having the use of another person's money for a specified period" (*Love v State of New York,* 78 NY2d at 544). Interest is meant to compensate successful plaintiffs for the nonpayment of what is due them, and is not designed to punish defendants for delaying resolution of the litigation. The Court further stated: "In a bifurcated trial, the plaintiff's right to be made whole becomes fixed when the verdict holding the defendant liable is rendered. At that point, the defendant's obligation to pay the plaintiff is established, and the only remaining question is the precise amount that is due. The fact that damages are not yet liquidated is of no moment . . . Accordingly, it follows that, if plaintiffs are to be fully compensated for their losses in bifurcated trials, prejudgment interest must be calculated from the date that liability is established regardless of which party is responsible for the delay, if any, in the assessment of the plaintiff's damages." (*Love v State of New York,* 78 NY2d at 544; *see also Van Nostrand v Froehlich,* 44 AD3d 54, 56-57 [2007].)

As applied here, the foregoing principles require that the plaintiff recover interest on her personal injury award from the date the respondents' liability first was fixed—i.e., from June 25, 2000.

The respondents contend that where a broad arbitration agreement does not prohibit an arbitrator's power to rule on

the issue, he or she has the authority to allow pre-award interest, and under such circumstances, if the arbitrator does not do so, the courts may not step in thereafter and allow it. However, the cases they cite do not address the issue presented here, or do not involve bifurcated personal injury cases in which a jury has determined liability, and thereafter, an arbitrator considers the limited issue of damages.

However, contrary to the plaintiff's contention, the Supreme Court correctly directed post-award interest to run up to the date of payment, rather than to the date of judgment (see Matter of Aetna Cas. & Sur. Co. v Rosen, 233 AD2d 499 [1996]; Matter of Ricciardi [Travelers Ins. Co.], 102 AD2d 871, 871-872 [1984]).

The parties' remaining contentions either are without merit, or are not properly before us on this appeal. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.