■ SCOTT V. RICE et al., Appellants, v SAMANTHA L. VALENTINE et al., Respondents. [907 NYS2d 28]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered October 5, 2009, as denied that branch of their motion to confirm an arbitrator's award dated April 29, 2009, which was for statutory prejudgment interest on the award.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 2, 2007, the plaintiff Scott V. Rice was injured when a car operated by the defendant Samantha L. Valentine and owned by the defendant Laura Valentine (hereinafter together the defendants) ran a red traffic signal at the intersection of Albany Avenue and Sunrise Highway in Suffolk County and collided with his car. Rice and his wife, suing derivatively (hereinafter together the plaintiffs), commenced this action, inter alia, to recover damages for personal injuries. The plaintiffs were awarded summary judgment on the issue of liability, without opposition, in October 2007. In January and February 2009, the parties negotiated the terms of an agreement to arbitrate the issue of damages, including the high-low parameters of any arbitration award. The record reveals that, during the course of their negotiations, the parties were aware of the plaintiffs' entitlement to prejudgment interest on any damages award in the event the issue of damages were submitted to a jury (*see* CPLR 5002, 5004; *Love v State of New York*, 78 NY2d 540, 544 [1991]). The record also reveals that the parties considered how an agreement to arbitrate the issue of damages might affect the issue of the plaintiffs' entitlement to prejudg-

ment interest (*cf. Grobman v Chernoff*, 63 AD3d 786, 790 [2009], *lv granted* 13 NY3d 714 [2009]; *Matter of Aetna Cas. & Sur. Co. v Rosen*, 233 AD2d 499 [1996]). In February 2009, the parties agreed to submit the issue of damages to an arbitrator; the arbitrator's rules of procedure provided that no prejudgment interest would be awarded. Nevertheless, after the arbitrator issued his award, the plaintiffs, in their motion to confirm the award (CPLR 7510), sought statutory prejudgment interest from October 16, 2007, the date summary judgment was awarded. We find that under the circumstances here, the plaintiffs waived any right they had to prejudgment interest (*cf. Grobman v Chernoff*, 63 AD3d at 790; *Matter of Yeroush Corp. v Nhaissi*, 164 AD2d 891 [1990], *affd* 78 NY2d 873 [1991]). Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.