[940 NE2d 557, 914 NYS2d 731]

LINDSAY GROBMAN, Respondent, v RHONDA CHERNOFF et al., Defendants, and RHONDA GLOBMAN, Also Known as RHONDA GROBMAN, et al., Appellants.

Argued October 21, 2010; decided November 30, 2010

**POINTS OF COUNSEL**

*Law Office of Andrea G. Sawyers*, Melville (*Dominic P. Zafonte* of counsel), for appellants. I. Courts are powerless to grant pre-award interest from an arbitration award when the arbitrator was empowered to award interest but did not do so. (*Matter of Spindler [New York Cent. Mut. Fire Ins. Co.]*, 283 AD2d 762; *Matter of Weinrott [Carp]*, 32 NY2d 190; *Matter of Meisels v Uhr*, 79 NY2d 526; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299; *Maross Constr. v Central N.Y. Regional Transp. Auth.*, 66 NY2d 341; *Matter of West Side Lofts [Sentry Contr.]*, 300 AD2d 130; *Matter of Excelsior 57th Corp. [Kern]*, 283 AD2d 209; *Matter of Yates Lansing, Inc. [Town of Niskayuna]*, 202 AD2d 916; *Matter of State Farm Mut. Auto. Ins. Co. v Cordes*, 242 AD2d 635; *Matter of Aetna Cas. & Sur. Co. v Rosen*, 233 AD2d 499.) II. The Second Department erred in finding interest awardable under CPLR 5002, an exception to the broad arbitration rule, and created inconsistency in the law. (*Love v State of New York*, 78 NY2d 540; *Van Nostrand v Froehlich*, 44 AD3d 54; *Ajoudanpour v Globman*, 2 AD3d 373; *Matter of Rothermel [Fidelity & Guar. Ins. Underwriters]*, 280 AD2d 862; *Matter of Penco Fabrics [Louis Bogopulsky, Inc.]*, 1 AD2d 659; *Matter of Burke*, 191 NY 437; *Matter of Gruberg [Cortell Group]*, 143 AD2d 39; *Matter of Rosenblum [Aetna Cas. & Sur. Co.]*, 81 AD2d 731, 54 NY2d 607; *Nicoletti v E.F. Hutton & Co., Inc.*, 761 F Supp 312; *Matter of Levin & Glasser, P.C. v Kenmore Prop., LLC*, 70 AD3d 443.) III. The Second Department's decision adversely impacts litigants' ability to contract for arbitration following a finding of liability and violates public policy favoring finality in arbitrations. (*Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d 39; *Matter of Falzone [New York Cent. Mut. Fire*

*Ins. Co.],* 64 AD3d 1149; *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.,* 37 NY2d 91.)

*Roura & Melamed,* New York City (*Alexander J. Wulwick* of counsel), for respondent. Plaintiff is entitled to interest on the damages award in this personal injury action from the date of the jury's liability verdict to the date of tender of payment. (*Matter of Burke,* 191 NY 437; *Matter of Rothermel [Fidelity & Guar. Ins. Underwriters],* 280 AD2d 862; *Ajoudanpour v Globman,* 2 AD3d 373; *Love v State of New York,* 78 NY2d 540; *Pay v State of New York,* 87 NY2d 1011; *Van Nostrand v Froehlich,* 44 AD3d 54, 10 NY3d 837; *O'Brien v Barretta,* 44 AD3d 731; *Gillespie v Great Atl. & Pac. Tea Co.,* 26 AD2d 953, 21 NY2d 823; *Culpepper v Allstate Ins. Co.,* 31 AD3d 490; *Matter of Kavares [Motor Veh. Acc. Indem. Corp.],* 29 AD2d 68, *affd sub nom. McEntee [Motor Vehicle Acc. Indem. Corp.],* 28 NY2d 939.)

## OPINION OF THE COURT

Read, J.

In August 1996, plaintiff Lindsay Grobman was injured in a car accident; at the time, she was traveling as a passenger in a car driven by defendant Adam J. Chernoff and owned by defendant Rhonda Globman (also known as Rhonda Grobman). A bifurcated trial was held in plaintiff's ensuing lawsuit. In June 2000, a jury found defendants 100% at fault in the happening of the accident. The next month, a jury found that plaintiff had suffered a serious injury; namely, "permanent consequential limitation of use of a body organ or member" (*see* Insurance Law § 5102 [d]), and awarded her damages for future medical expenses, but not for future pain and suffering. Supreme Court entered judgment for plaintiff in the amount of $10,000 in August 2001. This sum included $1,100 for past pain and suffering and $8,900 for future medical expenses.

Plaintiff appealed. The Appellate Division concluded that the jury's "failure to award any damages for future pain and suffering [could not] be reconciled with the finding of permanent injury," and remitted the matter to Supreme Court for a new trial on the issue of damages (*Ajoudanpour v Globman,* 2 AD3d 373 [2d Dept 2003]).

On remand, Supreme Court granted defendants' motion to compel arbitration on all issues, including the threshold issue as to whether plaintiff suffered serious injury. Plaintiff appealed again, and the Appellate Division reversed. The court concluded that the jury's determination that plaintiff had sustained

serious injury within the meaning of New York's no-fault statute, which neither party challenged in the first appeal, was a final and binding determination that could not be relitigated in arbitration (*Grobman v Chernoff*, 35 AD3d 658, 659 [2d Dept 2006]).

The case then returned to arbitration solely on the issue of damages. The parties agreed to high/low parameters of $150,000 and $10,000; that "any and all pending litigation arising from this action shall be discontinued with prejudice upon the determination of this matter"; and that damages were at issue. After a hearing, the arbitrator awarded plaintiff a "net amount award" of $125,000. The arbitrator's decision did not mention interest.

Plaintiff subsequently moved and defendants cross-moved to confirm the arbitration award and enter judgment. While these motions were pending, defendants' insurance carrier tendered a check for $125,000 as "full and final settlement." Plaintiff retained this check, but did not cash it.

In a decision in August 2008 disposing of the motions, Supreme Court noted that the "principal issue" contested by the parties was "whether plaintiff [was] entitled to interest on the arbitration award computed from the date of the jury verdict in her favor on the issue of liability," or, alternatively, "from the date of the arbitration award." (2008 NY Slip Op 33619[U], *2.) The judge added that "[t]he decision of the arbitrator does not allude to the subject and neither side contends that the question was presented to the arbitrator." (*Id.*)

Supreme Court confirmed the award in the amount of $125,000, "with interest . . . at the judgment rate from the date of the award with credit to be given to defendants for the payment that was tendered, computed from the date of receipt of the check." (*Id.* at *6.) The judge acknowledged that "[i]n general," where a plaintiff has obtained a favorable jury verdict on liability, "interest on a judgment ultimately entered in a motor vehicle accident case begins to run from the date of . . . the jury's verdict"; however, he added, the usual rule did not govern this case "because the parties agreed to submit the entire dispute to arbitration." (*Id.* at *3.)

Plaintiff appealed to the Appellate Division for a third time. As relevant here, the court held that plaintiff was entitled to interest on the damages award from the date the jury found defendants liable, citing our decision in *Love v State of New York*

(78 NY2d 540 [1991]) (63 AD3d 786 [2d Dept 2009]). We granted defendants' motion for leave to appeal (13 NY3d 714), and now affirm.

Defendants argue that the parties' arbitration agreement includes a "broad arbitration clause," which empowered the arbitrator to decide the entire controversy, including the amount of any prejudgment interest. While the parties in this case were free to submit the issue of prejudgment interest to the arbitrator, we do not read their arbitration agreement as having done this. As relevant, the agreement says merely "AT ISSUE: Damages" and, as we pointed out in *Love*, damages and prejudgment interest are not the same thing. Damages compensate plaintiffs in money for their losses, while prejudgment interest "is simply the cost of having the use of another person's money for a specified period" (*Love*, 78 NY2d at 544, citing Siegel, NY Prac § 411, at 623 [2d ed]). Further, as plaintiff observes, there was "no necessity to negotiate whether plaintiff was entitled to interest" as a part of the arbitration agreement because "she already possessed that right as a matter of law as of the date of her liability verdict." Finally, there are no circumstances in this case indicating that plaintiff gave up that right when she agreed to arbitrate damages (*cf. Rice v Valentine*, 75 AD3d 631 [2d Dept 2010]).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.