OPINION OF THE COURT
Jack M. Battaglia, J.
This action arises out of a construction site accident on September 6, 2006 when, as a result of the collapse of a scaffold, plaintiffs Ignacio Valdez Garcia, Richardo Alvarez-Puebla, and Eudocio Ignacio Garcia allegedly sustained serious injuries. The current configuration of the action is the product of a consolidation order dated February 4, 2008 of Honorable David I. Schmidt, and a subsequent order of the same judge, dated September 21, 2010, granting plaintiffs summary judgment on liability pursuant to Labor Law § 240 (1).
With the cross motion, purportedly being made only on behalf of plaintiff Richardo Alvarez-Puebla, the court is being asked to issue an order, pursuant to CPLR 603, “directing separate damage trials” for each plaintiff. “Purportedly,” because all plaintiffs are represented by the same law firm. Accepting movant’s conception, neither plaintiff Ignacio Valdez Garcia nor plaintiff Eudocio Ignacio Garcia has filed any papers either in support of, or opposition to, the cross motion. Defendants Sunrise One, LLC and Sunrise One Operating, LLC do oppose.
A prior motion seeking the same relief was denied on October 23, 2012 by Honorable Kenneth P Sherman, presiding in the Trial Assignment Part, with leave to renew before the trial judge. On January 17, 2013, the action was assigned for trial to this court. The motion for separate trials was renewed, and, on the court’s suggestion, the motion was resolved by the parties’ agreement that the claims of each plaintiff would be tried seriatim before the same jury, with a verdict as to each plaintiff’s claim at the conclusion of the case as to him. Again, those claims would be limited to the injuries and damages allegedly sustained by each plaintiff.
*834 The parties again appeared before this court on January 24, after they had selected a jury. For reasons amply demonstrated by the record of proceedings on that day and discussed somewhat below, the jury was disbanded, and the case was “overridden” to the Jury Coordinating Part for reassignment and selection of another jury. The order specifically provided that the motion for separate trials could be renewed on reassignment.
Defendants then moved by notice of motion dated February 4, 2013 for an order “tolling the accrual of interest on any award to Plaintiffs,” and the cross motion followed. Both motions were placed on this court’s March 25 motion calendar, apparently in response to a directive of the new administrative judge that, once a case is assigned to a judge for trial, it remains with that judge for all purposes until it is resolved. Indeed, the court’s civil case management database shows the action as assigned for trial to this court, notwithstanding appearances calendered in the Jury Coordinating Part.
CPLR 603 provides: “In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue. The court may order the trial of any claim or issue prior to the trial of the others.”
Neither plaintiff(s) nor defendants cite to any authority that specifically addresses severance or separate trials as applied to the damages claims of multiple plaintiffs where liability has already been determined, and the court’s own research has revealed none. The consolidation order may be law of the case (see People v Evans, 94 NY2d 499, 502-506 [2000]), but defendants do not argue that this court is precluded by that order from considering this motion. Indeed, with Justice Schmidt’s subsequent ruling on liability, removing some common issues from the case, the situation has changed.
Not all common issues have disappeared, however, since the nature of the occurrence and resulting mechanism (s) of injury, with many of the plaintiffs’ respective injuries being similar, are still present. Indeed, as counsel point out, some of the doctors testifying for plaintiffs on the one hand, or defendants on the other, will be the same.
Certainly, that there are multiple plaintiffs cannot be decisive. In asbestos cases, for example, there has been joint trial of the claims of more than 30 plaintiffs. (See Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases], 188 AD2d 214, *835 224-225 [1st Dept 1993], affd 82 NY2d 821 [1993]; see also Bauer v A.O. Smith Water Prods. Co., 2008 NY Slip Op 32349[U] [Sup Ct, NY County 2008].) Although separate juries might mitigate any possibility of juror confusion in considering the claims of multiple plaintiffs (see Aikman v Atex, Inc., 224 AD2d 180 [1st Dept 1996]), they also present the danger of subtle, but yet unfair, inconsistency.
Without minimizing the possibility of juror confusion, including the similarity in the names of two plaintiffs, the risk is not materially different in kind or degree in this case than in any case with multiple plaintiffs. A trial conducted as proposed by this court when the action was originally assigned for trial would preserve efficiencies, without unduly courting either juror confusion or unfair inconsistency. The presentation of each plaintiffs case, seriatim, followed by the jury’s award of damages to that plaintiff, is an exercise of the trial court’s authority to “order the trial of any claim or issue prior to the trial of the others” (see CPLR 603).
Defendants’ motion seeks an order “tolling the accrual of interest on any award to Plaintiffs” (see notice of motion, Feb. 4, 2013). Specifically, defendants seek tolling from November 14, 2012, the date of the parties’ second appearance in the Jury Coordinating Part; the first appearance having been on October 23, 2012, after five appearances in the Settlement Conference Part from November 3, 2011 until July 17, 2012. Although not stated, the toll would presumably end on the date the action now proceeds to trial.
Defendants acknowledge, as they must, that interest is accruing on the damages awards that will be made to plaintiffs from the date plaintiffs’ motion for summary judgment was granted, i.e., September 21, 2010, but defendants contend that case authority they cite, although “factually distinct, . . . stand for the same legal proposition: where the plaintiff causes a delay while judgment is running in its favor, the plaintiff cannot benefit from such delays” (see reply affirmation of Kelly A. Waters, Esq. in support of motion ¶ 15). As to that contention, defendants are incorrect.
In Love v State of New York (78 NY2d 540 [1991]), the Court of Appeals held that “in a bifurcated personal injury action prejudgment interest under CPLR 5002 should be calculated from the date of the liability determination irrespective of whose fault it may be that the assessment of the plaintiff’s damages is delayed” (id. at 545 [emphasis added]; see also Grobman v *836 Chernoff, 63 AD3d 786, 789 [2d Dept 2009], affd 15 NY3d 525 [2010]). “[T]he defendant is not being ‘penalized’ by the assessment of interest during the pendency of the [action]; rather, the defendant is merely being directed to repay the plaintiff for the use of the plaintiff’s money that the defendant enjoyed during that period.” (See Love v State of New York, 78 NY2d at 545.)
The Second Department expanded the scope of Love v State of New York (78 NY2d 540 [1991]), when it held in Van Nostrand v Froehlich (44 AD3d 54 [2007]) that “prejudgment interest is to be calculated from the date common-law liability attaches in favor of the plaintiff, either by default, summary judgment, or bifurcated liability trial” (id. at 55 [emphasis added]). “Interest accrues independent of whether either party causes a delay in reaching the damages trial.” (Id. at 57.)
Although the appellate courts have reasoned from the statutory language and general principles in reaching these conclusions, a trial court has noted from a pragmatic standpoint that otherwise courts would be required “to explore or analyze a case from its inception as to what degree one or the other of the contesting litigants should bear the onus of delayed litigation.” (See Walters Motorcars v Mazda Motor of Am., 169 Misc 2d 737, 740 [Sup Ct, Nassau County 1996].)
The pending motion proves the point, with papers replete with charges and countercharges of misstatement, sometimes by persons without personal knowledge of events. Moreover, the parties appeared five times in the Settlement Conference Part, presided over by Justice Schmidt, and four times in the Jury Coordinating Part, presided over by Justices Kenneth P Sherman and Donald Scott Kurtz, before the case was assigned for trial. This court has no basis on which to second guess the determinations of those justices as to the progress of the action to trial generally, or their granting of adjournments specifically.
The court shares the frustration of defendants’ counsel with the continually-changing faces at plaintiffs’ counsel table; in four appearances before this court to date, the attorney representing one or more plaintiff has been different each time. The court would also have preferred that disbanding the jury could have been avoided by accommodation on the part of plaintiffs’ counsel when the unavailability of one of defendants’ experts was discovered. The fact remains, however, that defendants’ counsel’s error about the date of the expert’s return from India caused the problem, and her decision to wait two days, until the jury was selected, before bringing it to the court’s attention exacerbated the situation.
*837 Defendants’ motion for a tolling of prejudgment interest is denied.
Plaintiffs motion for separate damage trials is denied, and the trial will proceed as outlined above.