ATLANTIC DEVELOPMENT GROUP, LLC, Appellant, v 296 EAST 149TH STREET, LLC, Respondent. [895 NYS2d 392]—

Order, Supreme Court, New York County (Howard H. Sherman, J.), entered on or about February 24, 2009, which granted defendant's motion for summary judgment on its first counterclaim to keep the down payment as liquidated damages for plaintiff's breach of contract and, on defendant's second counterclaim, to the extent of setting down for hearing defendant's claim for legal fees and expenses, and denied, sub silentio, plaintiff's cross motion for summary judgment, unanimously modified, on the law, summary judgment denied to defendant on its second counterclaim, and otherwise affirmed, without costs. Appeal from decision, denominated "decision and order" (same court and Justice), entered on or about December 18, 2008, which directed settlement of an order, unanimously dismissed, without costs, as taken from a nonappealable paper.

Defendant established prima facie entitlement to judgment as a matter of law on its first counterclaim by submitting documentary evidence that it was ready, willing and able to perform on the time-is-of-the-essence closing date, and that plaintiff failed to proceed with closing. In response, plaintiff failed to raise a triable issue of fact. Accordingly, defendant is entitled to retain the down payment as liquidated damages in accordance with the contract of sale (*Rivera v Konkol*, 48 AD3d 347 [2008]).

Contrary to plaintiff's contention, the holdover agreement between defendant and a tenant at the premises did not violate the terms of the contract, which specifically provided that the property was to be conveyed subject to a restaurant lease and accompanying surrender agreement. That surrender agreement permitted defendant to extend the tenant's occupancy past the original surrender date. The subsequent agreement extending the tenant's occupancy past the surrender date did not extend or renew the underlying lease.

Defendant was not entitled to judgment on its second counterclaim for legal fees and expenses. "[A]ttorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). Here, attorneys'

fees were not authorized by agreement, statute or court rule. Concur—Friedman, J.P., Sweeny, Nardelli and Freedman, JJ.