■ Board of Managers of the 25th Charles Street Condominium et al., Respondents, v Celia Seligson, Appellant. [4 NYS3d 40]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered September 13, 2013 (the attorneys' fees judgment), against defendant in favor of both plaintiffs in the amount of $262,639.86, representing attorneys' fees, interest,

and costs, unanimously modified, on the law and the facts, to vacate the award as to plaintiff 25 Charles Owners Corporation (the residential unit owner), reduce the principal amount of the award from $235,000 to $221,000, and make CPLR 5002 interest run from January 7, 2013 instead of May 24, 2012, and otherwise affirmed, without costs. Judgment, same court and Justice, entered September 16, 2013 (the common charges judgment), to the extent appealed from as limited by the briefs, awarding interest against defendant to plaintiff Board of Managers of the 25 Charles Street Condominium (the condo board), unanimously reversed, on the law and the facts, without costs, CPLR 5001 interest made to run from December 1, 2009 (not Apr. 9, 2007) through January 6, 2012 (not June 29, 2011), CPLR 5002 interest made to run from January 6, 2012 instead of June 29, 2011, and the rate of CPLR 5002 interest fixed at 1.75% instead of 9%. The Clerk is directed to enter judgments accordingly.

The award of attorneys' fees to the residential unit owner should be vacated because "attorneys' fees were not authorized by agreement, statute or court rule" (*Atlantic Dev. Group, LLC v 296 E. 149th St., LLC*, 70 AD3d 528, 529-530 [1st Dept 2010]). The subject condominium's bylaws authorize the payment of attorneys' fees only to the condo board.

The court properly awarded attorneys' fees to the condo board, given the evidence at the attorneys' fees hearing that a nonparty law firm represented both plaintiffs. Although the condo board did not have a written retainer agreement with the law firm, such an agreement is not necessary for the condo board to recover legal fees for the services provided by the firm (*see e.g. Miller v Nadler*, 60 AD3d 499, 500 [1st Dept 2009]).

The attorneys' fees judgment should exclude fees for services rendered before December 1, 2009. The condominium's bylaws provide that a unit owner shall pay for legal fees incurred by the condo board, and the record shows that a proper condo board did not exist before December 1, 2009. The record also shows that of the $408,000 in legal fees claimed by plaintiffs, approximately $175,000 was billed before December 1, 2009. Accordingly, we reduce the principal amount of the attorneys' fees award to $233,000 ($408,000 minus $175,000). Defendant is correct that at least part of plaintiffs' fees incurred in a separate article 78 proceeding are not recoverable under the bylaws, and we further reduce the fee awarded to $221,000 ($233,000-$12,000).

When, as here, a court orders a special referee to hear and report with recommendations, interest pursuant to CPLR 5002

runs from the date the court confirms the Referee's report, not the date of the report (*see Matter of East Riv. Land Co.*, 206 NY 545, 549 [1912]; Weinstein-Korn-Miller, NY Civ Prac ¶ 5002.03 [2d ed]). *Theophilova v Dentchev* (111 AD3d 463 [1st Dept 2013]) is not to the contrary, as there is no indication that the parties argued whether interest ran from the date of the report or the date of confirmation. Accordingly, interest pursuant to CPLR 5002 should run on the attorneys' fees judgment from January 7, 2013 instead of May 24, 2012, and on the common charges judgment from January 6, 2012 instead of June 29, 2011. Given the latter determination, interest pursuant to CPLR 5001 on the common charges judgment should run through January 6, 2012 instead of June 29, 2011.

CPLR 5001 interest on the common charges judgment did not start to accrue until December 1, 2009 (as opposed to Apr. 9, 2007). This Court previously determined that no interest on overdue common charges accrued before the condo board took action to collect the charges (*see* 106 AD3d 130, 136 [1st Dept 2013]), and a proper condo board did not take action to collect the charges until December 1, 2009.

CPLR 5002 interest on the common charges judgment should be 1.75%, not the statutory rate of 9% (*see* CPLR 5004). A contract rate rather than the statutory rate governs the prejudgment interest to be paid (*see Secular v Royal Athletic Surfacing Co.*, 66 AD2d 761, 761 [1st Dept 1978], *appeal dismissed* 46 NY2d 1075 [1979]; *see also NML Capital v Republic of Argentina*, 17 NY3d 250, 258 [2011]). Here, the condominium's bylaws provide that a unit owner who fails to pay common charges shall pay interest at 1% over the Federal Reserve discount rate, and that discount rate has been 0.75% since February 19, 2010.

We have considered defendant's remaining arguments and plaintiffs' estoppel argument and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ.