IHG HARLEM I, LLC v 406 Manhattan LLC (2021 NY Slip Op 06761)





IHG HARLEM I, LLC v 406 Manhattan LLC


2021 NY Slip Op 06761


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 161863/15 Appeal No. 14726 Case No. 2020-04733 

[*1]IHG HARLEM I, LLC, Plaintiff- Respondent,
v
406 Manhattan LLC et al., Defendants-Appellants.


Lester Korinman Kamran & Masini, PC, Garden City (Gabriel R. Korinman of counsel), for appellants.
Law Offices of Jacob S. Feinzeig, Brooklyn (Jacob S. Feinzeig of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered May 18, 2020, which granted plaintiff's motion for summary judgment as to liability for breach of contract, dismissed defendants' counterclaims, and noted that the issue of plaintiff's damages remained for trial, unanimously modified, on the law, to delete the language about a trial of damages and direct a return of the deposits to plaintiff as liquidated damages under the terms of the contracts, and otherwise affirmed, without costs.
Defendants, as sellers, and plaintiff, as purchaser, entered into three largely identical contracts of sale of property that required defendants, as sellers, to obtain assignments of the mortgages on the properties. Defendants had not obtained the assignments when they issued a time of the essence letter or by the time they set for the closing. Having thus breached the contracts, defendants were not in a position to place plaintiff in default (see Gargano v Rubin, 200 AD2d 554 [2d Dept 1994]; Atlantic Dev. Group, LLC v 296 E. 149th St., LLC, 70 AD3d 528 [1st Dept 2010]).
The contracts provided that if defendants refused or failed to convey the properties, plaintiff "shall elect as its sole and exclusive remedy" either termination of the contract and the return of its deposits or enforcement of defendants' obligation to convey the property by seeking specific performance. As plaintiff has elected not to seek specific performance, its sole remedy is the return of its deposits (see generally 101123 LLC v Solis Realty LLC, 23 AD3d 107 [1st Dept 2005]).
We have considered defendants' remaining arguments, to the extent preserved, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021