37-10 114th St. ML Funding LLC v Ai Yun Chen (2022 NY Slip Op 06077)

37-10 114th St. ML Funding LLC v Ai Yun Chen

2022 NY Slip Op 06077

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 656481/21 Appeal No. 16572-16573-16573A Case No. 2022-00910, 2022-00911, 2022-01466 

[*1]37-10 114th Street ML Funding LLC, Plaintiff-Respondent-Appellant,
v
Ai Yun Chen et al., Defendants-Appellants-Respondents.

The Scher Law Firm, LLP, Carle Place (Austin Graff of counsel), for appellants-respondents.
Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered March 23, 2022, awarding plaintiff damages in the amount of $8,180,066.69 plus prejudgment interest at 9% per annum from November 1, 2021 to the date of judgment and attorneys' fees, unanimously modified, on the law, to provide for interest on the loan amount due from date of default to the date judgment is entered to be calculated at the default rate set forth in the guaranty, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered on or about January 28, 2022 and on or about February 17, 2022, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendants' cross motion to dismiss the complaint, and directed entry of judgment in favor of plaintiff, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court properly granted plaintiff summary judgment on damages without first determining at trial the value of the collateral, an interest in an entity called Samcom 48 (DE) LLC, the primary asset of which is a hotel near LaGuardia Airport, and its impact on the amount due and owing to plaintiff. Although the value of the collateral is in dispute, it is irrelevant to the disposition of this action, which solely seeks to recover on a guaranty that imposes an unconditional obligation on defendants' guarantors to repay the full amount of the loan, regardless of plaintiff's sale of the collateral and without any reductions or setoffs (see generally Royal Equities Operating, LLC v Rubin, 154 AD3d 516, 517 [1st Dept 2017]). The issue of the commercial reasonableness of plaintiff's sale of the collateral is being litigated in a related action in Supreme Court, Queens County (Samcom 48 (DE) LLC v 37-10 114th St. ML Funding, LLC, Index No. 723742/21), and that court may make an appropriate award of damages or surplus monies to defendants should it find the sale to have been commercially unreasonable or the collateral to have been undervalued. Any additional credits owed to defendants — for the sale price of the collateral, for example — is also to be determined in that action.
Plaintiff should have been awarded interest at the contractual "Default Rate," which is defined as the lesser of "(i) the maximum rate permitted by applicable law, or (ii) ten percent (10%) above the Interest Rate, compounded monthly." The guaranty's default interest rate is not subject to the statutory maximum permissible interest rate (25%) because of the amount of the loan (see General Obligations Law § 5-501[6][b]). The guaranty default rate is therefore less than the maximum rate permitted by applicable law and should have been applied to the pre-judgment amount due (see Korea Resolution & Collection Corp. v Hyuk Kee Yoo, 170 AD3d 485 [1st Dept 2019];
Board of Mgrs. of the 25th Charles St. Condominium v Seligson, 126 AD3d 547, 549 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022