OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 
 *924
 
 In this personal injury action for damages by a claimant injured while she was a patient at the Pilgrim State Psychiatric Center, a bifurcated trial was held in the Court of Claims resulting in an interlocutory judgment of liability against the State of New York. The State appealed, automatically triggering a stay in its favor pursuant to CPLR 5519 (a) (1). The liability judgment was affirmed and, subsequently, damages were fixed in favor of plaintiff in the amount of $750,000.
 

 The sole issue on this appeal by the State is whether interest on the judgment should be calculated from the date liability was determined, as fixed below, or from the final judgment date which included the damages component, as urged by the State. We agree with the Appellate Division and the Court of Claims.
 

 In
 
 Trimboli v Scarpaci Funeral Home
 
 (37 AD2d 386 [Hopkins, J.],
 
 affd on opn below
 
 30 NY2d 687), we approved the rule that interest should be calculated from the date of the liability adjudication in bifurcated trials. Thus, plaintiffs were to be compensated with interest for the delay in payment of the principal award certainly due them; only the amount remained uncertain. The rule encourages defendants to be prudent and realistic in evaluating whether to take their concededly lawful appeals from interlocutory judgments of liability and, if so, whether to seek or allow postponement of the trials on the damages issue pending such appeals.
 

 The State appeals, urging us to overrule
 
 Trimboli
 
 as wrongly decided. To support its assertion, the State argues that the
 
 Trimboli
 
 rule affords plaintiffs a double recovery since fact finders in any event compensate plaintiffs for delays when figuring damage awards in the first instance. The State also contends that interest can be computed only on liquidated damages, and since damages are not liquidated at the time a liability verdict is rendered, a plaintiff should not recover interest from the retroactive date.
 

 These arguments are unpersuasive and they do not satisfy the threshold burden of demonstrating that
 
 Trimboli
 
 was either wrongly decided or that it overlooked the present arguments, or that some thing has occurred in the short interval which would warrant overruling our precedent. To the extent that
 
 Brock v State of New York
 
 (77 AD2d 670) is inconsistent, it is disapproved.
 

 
 *925
 
 The notion that fact finders routinely increase awards based on the kind of delay present in these bifurcated trial/interlocutory appeal situations is conjectural. As to the "liquidated damage” argument, CPLR 5002 itself provides that interest shall accrue from the date "the verdict was rendered * * * to the date of entry of final judgment”. Thus, there is no absolute requirement that the amount of damages be fixed for the interest to start to accrue. Indeed, in this respect, the State seeks an unacceptable double advantage. On the one hand, it enjoys a unique benefit not afforded to private litigants— automatic stay of proceedings pursuant to CPLR 5519 (a) (1)— and, on the other, it covets the additional dispensation, again not accorded private litigants
 
 (Trimboli v Scarpaci Funeral Home,
 
 37 AD2d 386 [Hopkins, J.],
 
 affd on opn below
 
 30 NY2d 687,
 
 supra),
 
 of avoiding payment of some legitimate cost for extending the litigation finale, albeit by an interlocutory appeal which the statute authorizes (CPLR 5701 [a] [1]).
 

 Rather than accept the plea to overrule
 
 Trimboli,
 
 we reaffirm its prudent rationale and holding. There should be no different rule with respect to prejudgment interest just because the defendant happens to be the State and the damage assessment is stayed automatically in its favor (CPLR 5519 [a] [1]). Quite the contrary, the
 
 Trimboli
 
 rule should be uniformly applied.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs, in a memorandum.