■ In the Matter of MYROSLAW J. DRAGAN, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK, Respondent.—Casey, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician licensed by New York to practice medicine, lives and practices medicine in Connecticut. He entered a plea of guilty in Connecticut Superior Court to two counts of reckless endangerment in the second degree *(see,* Conn Gen Stat § 53a-64 [a]) for providing controlled substances to two female heroin addicts. The Connecticut Medical Examining Board thereafter instituted a disciplinary proceeding against petitioner, which culminated in a determination re-

voking petitioner's license to practice medicine in Connecticut. The revocation was apparently stayed pending judicial review of the determination.

The New York State Board for Professional Medical Conduct charged petitioner with two specifications of professional misconduct pursuant to Education Law § 6509 (5). The first specification was based upon the criminal adjudication in Connecticut (Education Law § 6509 [5] [a] [iii]) and the second was based upon the Connecticut administrative determination finding petitioner guilty of professional misconduct (Education Law § 6509 [5] [b]). Pursuant to Public Health Law § 230 (10) (m) (iv), an expedited proceeding was conducted and petitioner was found guilty of both specifications by the Regents Review Committee, which recommended a suspension of petitioner's license to practice medicine. The Board of Regents, however, decided that revocation was the appropriate penalty, resulting in the determination under review.

Petitioner's *pro se* brief contains numerous arguments concerning the procedural and substantive aspects of this proceeding. While many of these arguments are outside the scope of this court's review, our examination of the record establishes that the determination must be annulled due to fundamental flaws in the final determination.

Pursuant to Education Law § 6509 (5) (a) (iii), professional misconduct includes conviction of an act constituting a crime under sister State law "which, if committed within this state, would have constituted a crime under New York State law". The Connecticut reckless endangerment statute to which petitioner entered a plea of guilty refers to "conduct which creates a risk of physical injury to another person" (Conn Gen Stat § 53a-64 [a]), while the New York counterpart refers to "conduct which creates a *substantial* risk of *serious* physical injury to another person" (Penal Law § 120.20 [emphasis supplied]). Despite the significant differences between the elements of the two statutes, the findings of fact and determination of guilt by the Regents Review Committee, adopted by the Board of Regents and respondent, contain no finding that the acts upon which petitioner's Connecticut conviction is based, if committed in New York would have constituted a crime under New York law, as required by Education Law § 6509 (5) (a) (iii). The determination of professional misconduct under the first specification of the charges must, therefore, be annulled.

Turning to the second specification, based upon the Connecticut administrative determination of professional misconduct,

we reach a similar conclusion. Education Law § 6509 (5) (b) requires a finding that the conduct upon which the sister State determination of misconduct is based would, if committed in New York, constitute professional misconduct under New York law. The final determination contains no such finding. Accordingly, the determination of professional misconduct under the second specification of the charges must also be annulled.

In closing, we question whether it is appropriate to use the expedited proceeding authorized by Public Health Law § 230 (10) (m) (iv) where, as here, the elements of the sister State crime or the statutory definition of professional misconduct differ materially from the New York counterpart such that the sister State adjudication does not establish the existence of the elements required under New York law. In such circumstances, the question of whether petitioner's conduct would have constituted a crime or professional misconduct under New York law cannot be determined solely by reference to the findings of fact material and necessary to the sister State adjudication. Rather, there must be an inquiry into whether the conduct upon which the sister State adjudication is based included the element or elements required under New York law and not required under the laws of the sister State. Thus, while petitioner may not relitigate factual issues that were necessarily decided in the sister State criminal action or administrative proceeding, he is entitled to a hearing on those issues which were not necessarily determined by the court or administrative body in the sister State. The expedited proceeding authorized by Public Health Law § 230 (10) (m) (iv) does not, however, permit such a hearing, for the proof at an expedited proceeding is statutorily "limited to evidence and testimony relating to the nature and severity of the penalty to be imposed upon the licensee".

Determination annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent with this court's decision. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.