■ In the Matter of DOMINICK A. RICCI, Petitioner, v MARK R. CHASSIN, as Commissioner of Health of the State of New York, Respondent. [632 NYS2d 303] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, after obtaining a license to practice medicine in New York, moved to California where he obtained a medical license and set up a practice in internal medicine and gastroenterology. In 1992 petitioner was charged by the Medical Board of California with, *inter alia,* gross negligence and incompetence in the performance of rectal examinations involving 10 female patients. After a hearing which lasted 25 days, the California Administrative Law Judge (hereinafter California ALJ) made findings and ordered that petitioner's license to practice medicine in California be suspended pending further administrative proceedings.

Petitioner thereafter returned to New York and reregistered to practice medicine; on his application, petitioner disclosed that his California license had been suspended. In November 1993, respondent summarily suspended petitioner's medical license and charged him with professional misconduct pursuant to Education Law § 6530 (9) (d), based on the interim license suspension in California. After a hearing before the Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Hearing Committee), the Hearing Committee, by a 2 to 1 vote, found petitioner guilty of professional misconduct pursuant to Education Law § 6530 (9) (d) and revoked petitioner's license to practice medicine in New York. Petitioner then commenced this CPLR article 78 proceeding.

Petitioner contends (1) that because the license suspension by the California ALJ was interim in nature, it was insufficient to form the basis for a charge of professional misconduct under Education Law § 6530 (9) (d), (2) that the findings of fact, as determined by the California ALJ, are insufficient to support a finding that petitioner's conduct, if committed in New York, would constitute professional misconduct (see, Education Law § 6530), and (3) that it was inappropriate for the Department of Health to directly refer his disciplinary matter to. the Hearing Committee pursuant to Public Health Law § 230 (10) (p). Because we conclude that petitioner's contentions are without merit, we confirm the determination.

The Hearing Committee properly determined that petitioner was guilty of professional misconduct within the meaning of Education Law § 6530 (9) (d). Pursuant to that provision, "professional misconduct" includes the suspension of a physician's license to practice medicine: "after a disciplinary action was instituted by a duly authorized professional disciplinary agency of another state, where the conduct resulting in the * * * suspension * * * would, if committed in New York state, constitute professional misconduct under the laws of New York state" (Education Law § 6530 [9] [d]). There is no requirement that the suspension occur pursuant to a final administrative adjudication. It is significant that the paragraph immediately preceding Education Law § 6530 (9) (d) provides that the term "professional misconduct" also includes a situation where a physician is: "found guilty in an adjudicatory proceeding of violating a state or federal statute or regulation, *pursuant to a final decision or determination, and when no appeal is pending*, or after resolution of the proceeding by stipulation or agreement, and when the violation would constitute professional misconduct pursuant to this section" (Education Law § 6530 [9] [c] [emphasis supplied]). The Legislature clearly omitted similar language requiring finality in the provision at issue (see, McKinney's Cons Laws of NY, Book 1, Statutes § 74, at 157-159).

Moving to petitioner's next contention, the Hearing Committee properly determined that the conduct upon which petitioner's license was suspended in California, if committed in New York, would support a finding of professional misconduct on the following bases: negligence on more than one occasion (see, Education Law § 6530 [3]), gross negligence (see, Education Law § 6530 [4]), incompetence on more than one occasion (see, Education Law § 6530 [5]) and willful, verbal or physical abuse of a patient (see, Education Law § 6530 [31]). The record is

replete with findings that petitioner took an excessive amount of time to perform some of the rectal examinations, that he subjected some of the patients to multiple embarrassing positions and to excessive penetrations and that he improperly touched some of the patients' genital areas. The decision of the California ALJ contains sufficient factual findings and conclusions to amply support the Hearing Committee's determination.

Finally, we conclude that this case falls squarely within the scope of Public Health Law § 230 (10) (p) and was properly referred to the Hearing Committee. In our view, the elements of professional misconduct in New York and California are not materially different (cf., Matter of Dragan v Commissioner of Educ. of State of N. Y., 142 AD2d 846).

Mercure, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.