■ In the Matter of ERIC JACOBS, Petitioner, v BARBARA DE-BUONO, as Commissioner of Health, et al., Respondents. [699 NYS2d 842] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician licensed to practice medicine in New York, was charged with professional misconduct pursuant to Education Law § 6530 (9) (a) (iii) by reason of his having been convicted of the crime of Medicaid fraud in Louisiana, a crime which, according to the statement of charges, would constitute the crime of offering a false instrument for filing in the first degree (Penal Law § 175.35) or petit larceny (Penal Law § 155.25) if committed in New York. Following an expedited proceeding conducted pursuant to Public Health Law § 230 (10) (p), a Hearing Committee of the State Board for Professional Medical Conduct determined that petitioner entered a guilty plea to Medicaid fraud, a felony, in violation of Louisi-

ana Revised Statutes Annotated § 14:70.1 (A)[1] and that the conduct petitioner was found guilty of committing constitutes the New York crime of offering a false instrument for filing in the first degree;[2] the Hearing Committee imposed the penalty of revocation of petitioner's license to practice medicine in New York. This CPLR article 78 proceeding ensued.

In our view, petitioner is correct in his contention that the evidence before the Hearing Committee did not support its conclusion that acts committed by petitioner in Louisiana, constituting the crime of Medicaid fraud in that State, would have constituted the crime of offering a false instrument for filing in the first degree if committed in New York. Notably, the Louisiana records produced at the hearing show only that petitioner entered a guilty plea to Louisiana Revised Statutes Annotated § 14:70.1 (A)—no particular subdivision was identified. That omission is significant because, although the offenses defined in subdivisions (2) and (3) of Louisiana Revised Statutes Annotated § 14:70.1 (A) contain the elements of intent to defraud the State and knowing submission of false information, both of which are elements in the New York analog, subdivision (1) of the Louisiana statute may be violated absent any knowledge of the falsity of the information submitted to the State.

Denying none of the foregoing, respondents point out that petitioner made no effort to restrict his guilty plea to a particular subdivision and rest their case upon the fact that at least one of the subdivisions contains the necessary elements. In our

---

**1.** Louisiana Revised Statutes Annotated § 14:70.1 (A) defines Medicaid fraud as:

"the act of any person, who, with *intent to defraud the state* through any medical assistance program created under the federal Social Security Act and administered by the Department of Health and Hospitals:

"(1) Presents for allowance or payment any false or fraudulent claim for furnishing services or merchandise; or

"(2) *Knowingly submits false information* for the purpose of obtaining greater compensation than that to which he is legally entitled for furnishing services or merchandise; or

"(3) *Knowingly submits false information* for the purpose of obtaining authorization for furnishing services or merchandise" (emphasis supplied).

**2.** Pursuant to Penal Law § 175.35: "A person is guilty of offering a false instrument for filing in the first degree when, *knowing that a written instrument contains a false statement or false information*, and with *intent to defraud the state* or any political subdivision, public authority or public benefit corporation of the state, he offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation" (emphasis supplied).

view, that contention misplaces the burden of proof (*see*, Public Health Law § 230 [10] [f]; *Matter of Giffone v DeBuono*, 263 AD2d 713, 715-716). Further, resort to the facts underlying petitioner's plea of guilty lends no assistance, for petitioner admitted to nothing other than billing Medicaid for a single urine test that could not be processed due to the age of the culture at the time of the laboratory analysis.

We conclude that, absent any evidence that petitioner violated either subdivision (2) or subdivision (3) of Louisiana Revised Statutes Annotated § 14:70.1 (A), the Hearing Committee's determination is necessarily founded upon speculation and must be annulled as unsupported by substantial evidence (*see*, *Matter of Dragan v Commissioner of Educ. of State of N. Y.*, 142 AD2d 846, 848). Petitioner's additional contentions need not be considered.

Mikoll, J. P., Yesawich Jr., Peters and Graffeo, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent Commissioner of Health for further proceedings not inconsistent with this Court's decision.