■ TRACY QUINN, Individually and as Administratrix of the Estate of CHRISTOPHER QUINN, Deceased, Appellant, v 1649 RESTAURANT CORP., Doing Business as THE DEADLINE, Respondent. [795 NYS2d 19]—

Judgment, Supreme Court, New York County (Martin Shulman, J.), entered June 10, 2004, upon a jury verdict in defendant's favor, unanimously affirmed, without costs.

Plaintiff's testimony regarding what defendant's owner told her defendant's manager had told him about her husband's condition the night before his death was properly excluded. Such testimony would have been double hearsay not subject to any exception (see People v Boatwright, 297 AD2d 603 [2002], lv denied 99 NY2d 533 [2002]; see also People v Reynoso, 73 NY2d 816 [1988]).

The court's charge regarding the standard of care when a duty is voluntarily assumed mirrored New York's Pattern Jury Instructions and was proper as given. There is no authority to suggest that the more specific charge requested by plaintiff was necessary. Concur—Andrias, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.