■ RAYMOND RUFFINO, Respondent, v RICHARD D. GREEN et al., Appellants, et al., Defendant. [898 NYS2d 484]—

In an action to recover damages for personal injuries, the defendants Richard D. Green and DMGT Telecommunications, Inc., appeal from an order of the Supreme Court, Nassau County (Woodard, J.), dated December 23, 2008, which granted the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against them, and fixing November 22, 2005, as the date on which prejudgment interest on any award against them begins to accrue.

Ordered that the order is affirmed, with costs.

This action arises from a two-car motor vehicle accident. According to the deposition testimony of the parties, the plaintiff was a passenger in a car owned and operated by the defendant Herbert Novick, when it was struck in the rear by a car owned by the defendant DMGT Telecommunications, Inc., and operated by the defendant Richard D. Green (hereinafter together the appellants). In or around October 2005, Novick moved for

summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The motion was opposed by the plaintiff, but not by the appellants. In an order dated November 22, 2005, the Supreme Court granted Novick's motion, based on Green's failure to "establish an explanation for the accident," as he was required to do, as "the operator of the following vehicle." The plaintiff thereafter moved for summary judgment on the issue of liability against the appellants. In opposition to the plaintiff's motion, the appellants argued that Novick was not free from liability since, at the time of the occurrence, he was attempting to execute a left turn from a lane other than the left-turn lane available to him, and that he came to "an unexpected and unforeseeable stop."

"Pursuant to the doctrine of law of the case, judicial determinations made during the course of litigation before final judgment is entered may have preclusive effect provided that the parties had a full and fair opportunity to litigate the initial determination" (*Sterngass v Town Bd. of Town of Clarkstown*, 43 AD3d 1037, 1037 [2007]). Where, as here, the appellants previously had a full and fair opportunity to litigate the issue of Novick's liability, their alleged "nonnegligent explanation" for the accident (*Arias v Rosario*, 52 AD3d 551, 552 [2008]) is barred by the doctrine of the law of the case. Moreover, the calculation of prejudgment interest may properly be made from November 22, 2005 (*see Van Nostrand v Froehlich*, 44 AD3d 54, 57 [2007]), the date on which the appellants' liability was first judicially determined. Accordingly, the Supreme Court properly granted the plaintiff's motion in its entirety. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.