MARK ZAVELIN, Respondent, v LARISA GREENBERG, Respondent. [985 NYS2d 628]—

In a matrimonial action in which the parties were divorced by judgment dated February 8, 2007, the defendant appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Sunshine, J.), dated August 9, 2012, as denied that branch of her motion which was to toll the accrual of interest on the plaintiff's distributive award.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to CPLR 5003, "[e]very money judgment shall bear interest from the date of its entry. Every order directing the payment of money which has been docketed as a judgment shall bear interest from the date of such docketing." "The statute

does not explicitly dictate when interest ceases to accrue, but generally '[o]nce a money claim has been reduced to judgment, it carries interest until it is paid' " (*Matter of Matra Bldg. Corp. v Kucker*, 19 AD3d 496, 496 [2005], quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5003).

Here, the defendant failed to establish any grounds which would justify tolling the accrual of interest on the distributive award made to the plaintiff in the judgment of divorce (*see generally Wiederhorn v Merkin*, 106 AD3d 416 [2013]; *Liberatore v Olivieri Dev.*, 303 AD2d 954 [2003]; *ERHAL Holding Corp. v Rusin*, 252 AD2d 473 [1998]; *Juracka v Ferrara*, 120 AD2d 822 [1986]).

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to toll the accrual of interest on the plaintiff's distributive award. Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.