■ KELLY COFFEY, Respondent, v CRP/EXTELL PARCEL I, L.P., et al., Appellants, et al., Defendant. [997 NYS2d 376]—

Order, Supreme Court, New York County (Debra James, J.), entered August 2, 2013, which directed defendants CRP/Extell Parcel I, L.P. and CRP/Extell Parcel I GP, L.L.C. (CRP) to amend their undertaking to provide for all outstanding post-judgment interest, at the statutory rate, that had accrued on the money judgment as of the date of the order, unanimously affirmed, with costs, and the matter remanded for calculation of the amount of interest due.

The April 2, 2013 judgment directed CRP to release and return to plaintiff "the down payments that total $1,035,000.00, deposited in their escrow account, together with any interest accumulated thereon," plus "interest on the sum of $1,035,000.00 from September 2, 2008 at the statutory rate of 9% as calculated by the clerk in the amount of 426,958.77," and costs and disbursements in the amount of $611.25, for a total sum of $427,570.02. CRP returned plaintiff's down payments, and on June 4, 2013, it posted with the clerk of the court an undertaking in the amount of $427,570.02, for the purpose of obtaining a stay of enforcement of the portion of the judgment requiring it to pay interest, pending a determination on appeal. Plaintiff then moved for an order directing CRP to increase the undertaking to account for the post-judgment interest on the outstanding amount that began accruing on April 2, 2013, upon the entry of the judgment, that would continue to accrue pending the appeal. CRP objected, contending that plaintiff would not be entitled to recover post-judgment interest on the judgment amount owed because the judgment consisted almost entirely of interest.

The court granted plaintiff's motion to the extent of directing CRP to amend "the existing bond to provide for all interest that has accrued as of this date [July 31, 2013], post judgment at the statutory rate," finding that the amendment of the undertaking sought by plaintiff was for post-judgment interest on a money judgment, and not for compound interest or interest on interest.

The court properly determined that plaintiff is entitled to

post-judgment interest on the outstanding portion of the money judgment from the time of entry of the judgment until full satisfaction (*see* CPLR 5003, 5519 [a] [2]; *Wiederhorn v Merkin,* 106 AD3d 416, 416-417 [1st Dept 2013], *lv denied* 21 NY3d 864 [2013]; *HGCD Retail Servs., LLC v 44-45 Broadway Realty Co.,* 12 Misc 3d 1166[A], 2006 NY Slip Op 51082[U] [Sup Ct, NY County 2006]). We direct CRP to pay plaintiff the amount of interest that has accrued on the judgment from April 2, 2013 up through the time the judgment is (or has been) satisfied.

We deny plaintiff's request for sanctions against defendants. Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.