[35 NYS3d 459]

MARYANN MAHONEY, Appellant, v HAROLD A. BROCKBANK, Respondent.

Second Department, July 27, 2016

## APPEARANCES OF COUNSEL

*Seiden & Kaufman*, Carle Place (*Steven J. Seiden* of counsel), for appellant.

*Rivkin Radler, LLP*, Uniondale (*Evan H. Krinick, Cheryl F. Korman, Merril S. Biscone* and *Henry Mascia* of counsel), for respondent.

## OPINION OF THE COURT

BALKIN, J.

The parties in this personal injury action resolved the issue of liability by stipulation. Almost 2½ years later, a trial was held on the issue of damages. The issue presented on this appeal is whether, pursuant to CPLR 5002, prejudgment interest on the award should be computed from the date of the jury verdict on the issue of damages, or instead, from the date of the stipulation on the issue of liability. We hold that the Supreme Court correctly computed prejudgment interest from the date of the jury verdict on the issue of damages.

The parties entered into a written stipulation on May 26, 2011. By that stipulation, the defendant conceded liability, the plaintiff withdrew her cause of action seeking punitive damages, and the parties agreed that the action would proceed only with respect to the issue of damages, with recovery to be capped at a certain amount. The stipulation contained no provision with respect to prejudgment interest on an award.

Almost 2½ years later, on November 12, 2013, after a trial on the issue of damages, a jury awarded the plaintiff the principal sum of $375,000, which included $250,000 for past pain and suffering, and $125,000 for future pain and suffering over a 20-year period. The parties stipulated in open court to add the principal sum of $14,819.49 to the award, representing medical expenses incurred by the plaintiff. Thus, the total principal sum of the damages award was $389,819.49.

Each party submitted a proposed judgment. The plaintiff's proposed judgment provided for the computation of prejudgment interest from May 26, 2011, the date of the stipulation on

the issue of liability. The defendant's proposed judgment provided for the computation of prejudgment interest from November 12, 2013, the date of the jury verdict on the issue of damages. In its decision dated January 28, 2014, the Supreme Court determined that, pursuant to CPLR 5002, prejudgment interest was to be computed from the date of the jury verdict on the issue of damages, and judgment was entered upon the decision on March 6, 2014. The total sum awarded in the judgment was $401,917.17, which included the jury award, the agreed-upon additur, prejudgment interest from November 12, 2013 to March 6, 2014, and costs and disbursements. On this appeal, the plaintiff contends that prejudgment interest should have been computed from May 26, 2011, the date on which the defendant, by stipulation, conceded liability.

The rationale for awarding interest on damages is not complicated. The plaintiff has suffered injury for which the defendant has been found legally responsible. The award of damages is intended to make the plaintiff whole. Until the defendant pays the award, he or she is said to be holding funds that belong to the plaintiff. Accordingly, the law views interest as "simply the cost of having the use of another person's money for a specified period" (*Love v State of New York*, 78 NY2d 540, 544 [1991]; *see Toledo v Iglesia Ni Christo*, 18 NY3d 363, 369 [2012]; *Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21, 27 [2002]).

In New York, interest on a damages award is purely statutory (*see Manufacturer's & Traders Trust Co. v Reliance Ins. Co.*, 8 NY3d 583, 588 [2007]; *Matter of Bello v Roswell Park Cancer Inst.*, 5 NY3d 170, 172 [2005]). Under CPLR 5001, prejudgment interest upon damage awards in specified categories of actions at law, such as breach of contract actions, is to be computed, generally, from "the earliest ascertainable date the cause of action existed" (CPLR 5001 [a], [b]). CPLR 5001 also vests courts with discretion as to the award of prejudgment interest in actions of an equitable nature. CPLR 5002 governs recovery of prejudgment interest in actions not covered under CPLR 5001. CPLR 5002, which is applicable to this personal injury action, states:

> "Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment. The amount of

> interest shall be computed by the clerk of the court and included in the judgment."

Whether added to an award under CPLR 5001 or 5002, prejudgment interest becomes part of the judgment itself. CPLR 5003 provides that interest accrues on the judgment from the date judgment is entered: "[e]very money judgment shall bear interest from the date of its entry" (CPLR 5003; *see Coffey v CRP/Extell Parcel I, L.P.*, 122 AD3d 504, 504-505 [2014]). Interest on the judgment continues to accrue until the judgment is satisfied (*see Zavelin v Greenberg*, 117 AD3d 726, 726-727 [2014]; *Matter of Matra Bldg. Corp. v Kucker*, 19 AD3d 496, 496 [2005]). The current statutory rate is nine percentum per annum (*see* CPLR 5004).

When the determinations of liability and damages are made together, the computation of prejudgment interest under CPLR 5002 is straightforward (*see Love v State of New York*, 78 NY2d at 542). When, however, the determinations of liability and damages are bifurcated, the general rule is that prejudgment interest under CPLR 5002 runs from the date of the "verdict, report or decision" as to liability, rather than from the date of the "verdict, report or decision" as to damages (*see Rohring v City of Niagara Falls*, 84 NY2d 60, 68 [1994]; *Love v State of New York*, 78 NY2d at 542-544; *Gunnarson v State of New York*, 70 NY2d 923, 924-925 [1987]; *Grobman v Chernoff*, 63 AD3d 786, 789 [2009], *affd* 15 NY3d 525, 528-529 [2010]; *Van Nostrand v Froehlich*, 44 AD3d 54, 57 [2007]). The rationale for this rule is that the plaintiff's right to recover damages became fixed in law on the date that liability was determined. From that date forward, the defendant is considered to be in possession of the plaintiff's property, namely, the amount that the plaintiff is entitled to recover (*see Love v State of New York*, 78 NY2d at 544). The Court of Appeals has acknowledged that this approach employs the "legal fiction that damages were known and became a fixed obligation at the moment liability was determined" (*Rohring v City of Niagara Falls*, 84 NY2d at 68).

This approach often results in judgments that contain a significant amount of prejudgment interest, depending on the size of the award and the time that has elapsed between the liability determination and the damages determination. In this case, for example, the 2½-year difference between the determinations of liability and damages would amount to a difference in prejudgment interest of approximately $90,000,

given the award of slightly less than $390,000, and the statutory interest rate of 9% per annum (*see* CPLR 5004). The effect of the difference is compounded because postjudgment interest under CPLR 5003 is computed on the total amount of the judgment, which includes the prejudgment interest (*see generally* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5003).

There is extensive precedent on what constitutes a "verdict, report or decision" under CPLR 5002. The statute encompasses decisions on motions for summary judgment, motions for leave to enter a default judgment, and motions to strike a defendant's answer (*see Ruffino v Green*, 72 AD3d 785, 786 [2010]; *Van Nostrand v Froehlich*, 44 AD3d at 57-58). Decisions on unopposed applications for a directed verdict on the issue of liability also are included (*see Romain v Grant*, 60 AD3d 838, 839 [2009]), as are binding arbitrators' awards (*see Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Matter of Shimon v Silberman*, 92 AD3d 789, 790 [2012]; *Matter of McEntee [Motor Veh. Acc. Indem. Corp.]*, 29 AD2d 68, 70-71 [1967], *affd* 28 NY2d 939 [1971]). When a court has ordered a referee to "hear and report with recommendations," CPLR 5002 interest is computed not from the date of the referee's report, but from the date on which a court has confirmed it and thus made it binding (*Board of Mgrs. of the 25th Charles St. Condominium v Seligson*, 126 AD3d 547, 548-549 [2015]). An appellate court's order reversing the denial of a plaintiff's motion for summary judgment on the issue of liability is a "decision" under CPLR 5002; interest under CPLR 5002 will run from the date of the appellate court's determination (*see Lifshits v Variety Poly Bags*, 18 AD3d 622, 624 [2005]). The common thread in these cases is the determination of liability by an adjudicative body, such as a jury, a court, or an arbitrator.

Stipulations are different. They are not adjudications made by a third party, but voluntary agreements, or contracts, by which the opposing parties themselves chart their own course in a way that makes sense for them (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Pile v Grant*, 41 AD3d 810, 811 [2007]; Black's Law Dictionary [10th ed 2014], stipulation). Here, for example, the stipulation addressed not only the issue of liability, but also the cause of action seeking punitive damages, and it provided for a cap on the plaintiff's recovery. Whatever

reasons the parties may have had for entering into the stipulation, they resolved those issues in a manner conceptually different from the methods that result in verdicts, reports, or decisions.

Clearly, the legislature did not expressly include stipulations in CPLR 5002. Had the legislature wished to include stipulations, it easily could have done so, as it has in other statutes (*see Matter of Ricci v Chassin*, 220 AD2d 828, 829 [1995], quoting Education Law § 6530 [9] [c] [findings of professional misconduct include certain "(findings of) guilt( ) . . . of violating a . . . statute or regulation, pursuant to a final decision or determination . . . *or after resolution of the proceeding by stipulation or agreement*"] [emphasis added]; McKinney's Cons Laws of NY, Book 1, Statutes § 230). And, since, as discussed above, stipulations are conceptually different from verdicts, reports, and decisions, the legislature's omission of stipulations from CPLR 5002 should be regarded as significant (*see generally Matter of Board of Educ. of Syracuse City School Dist. v State Div. of Human Rights*, 38 AD2d 245, 248 [1972], *affd* 33 NY2d 946 [1974]).

While the plaintiff recognizes that a stipulation is not a "verdict, report or decision" under CPLR 5002, she contends that it was the "equivalent," because the principle underlying the statute still applies, namely, that inherent in the stipulation's binding determination of liability was the acknowledgment that the defendant was in possession of property in the amount needed to make the plaintiff whole. The plaintiff also contends, correctly, that the law favors stipulations (*see McCoy v Feinman*, 99 NY2d at 302).

The plaintiff's argument is well-founded, but ultimately unavailing because we must apply CPLR 5002, not amend it. As the Court of Appeals said with respect to prejudgment interest in a different context, we "may not rewrite the statute to achieve more 'fairness' than the Legislature chose to enact" (*Matter of Bello v Roswell Park Cancer Inst.*, 5 NY3d at 173; *see Tipaldo v Lynn*, 26 NY3d 204, 214-215 [2015]).

In short, we conclude that a stipulation as to liability does not trigger the accrual of prejudgment interest under CPLR 5002. Moreover, because the parties did not provide for prejudgment interest in their stipulation, the Supreme Court properly determined that prejudgment interest was to be computed from the date of the jury verdict on the issue of damages.

Accordingly, the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr.*

*Corp.*, 100 AD2d 509, 509-510 [1984]), and the judgment is affirmed insofar as appealed from.

RIVERA, J.P., DICKERSON and COHEN, JJ., concur.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.