Guerrero v Commander Elec., Inc. (2019 NY Slip Op 01570)





Guerrero v Commander Elec., Inc.


2019 NY Slip Op 01570


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-09018
 (Index No. 25694/11)

[*1]Gabriel Guerrero, appellant, 
v
Commander Electric, Inc., et al., respondents, et al., defendants (and a third- party action).


Kiley, Kiley & Kiley, PLLC, Great Neck, NY (James D. Kiley of counsel), for appellant.
Gialleonardo, Frankini & Harms, Mineola, NY (Michael J. Colleary of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated July 11, 2016. The order, insofar as appealed from, granted the motion of the defendants Commander Electric, Inc., and Commander Electric Maintenance Corp. for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 1, 2011, the plaintiff was working at BJ's Wholesale Club (hereinafter BJ's) in Valley Stream. One of his duties that day was to inspect the fire extinguishers located near the backup generator. The backup generator was located in a fenced-in area outside the rear of the BJ's building. The plaintiff alleged that as he was walking inside the fenced area enclosing the backup generator, he stepped on one of several wooden pallets, which "broke and crumbled," causing him to fall and sustain injuries. BJ's had an agreement with the defendant Commander Electric Maintenance Corp. to service the backup generator.
The plaintiff commenced this action, alleging that the defendants Commander Electric, Inc., and Commander Electric Maintenance Corp. (hereinafter together the Commander defendants) created a dangerous condition by placing wooden pallets on the ground in the area of the generator. The Supreme Court, inter alia, granted the Commander defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.
In general, a contractual relationship, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, pursuant to one of the exceptions to the general rule, tort liability to a third party may arise "where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm" (id. at 140 [internal quotation marks omitted]).
Here, the Commander defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by establishing [*2]that they did not launch a force or instrument of harm (see id.). The alleged statement made to the plaintiff by one of Commander Electric Maintenance Corp.'s employees regarding a statement by another employee about the pallets constituted inadmissible hearsay (see Quinn v 1649 Rest. Corp., 18 AD3d 281), which the Supreme Court therefore properly declined to consider. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Commander defendants created or exacerbated the alleged condition upon which the plaintiff fell (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination to grant the Commander defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court