Fidler v Gordon-Herricks Corp. (2019 NY Slip Op 04681)





Fidler v Gordon-Herricks Corp.


2019 NY Slip Op 04681


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-05302
 (Index No. 600535/14)

[*1]Robert Fidler, appellant, 
v
Gordon-Herricks Corp., et al., defendants, F. Pinheiro Contractor Corp., respondent.


Law Office of Bryan J. Swerling, P.C., New York, NY, for appellant.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered April 25, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant F. Pinheiro Contractor Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him when he tripped on a loading dock ramp in the parking lot of the building where he worked. In an order entered July 14, 2016, the Supreme Court granted the motion of the defendants Gordon-Herricks Corp., Gordon Broadway Corp., Compass Holdings, Inc., Compass Group USA, Inc., and Coffee Distributing Corp., inter alia, for summary judgment dismissing the complaint insofar as asserted against them.
The remaining defendant, F. Pinheiro Contractor Corp. (hereinafter Pinheiro), subsequently moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Pinheiro argued that it was entitled to judgment as a matter of law under the doctrine of the law of the case, based upon the Supreme Court's prior order directing dismissal of the complaint insofar as asserted against the other defendants. Pinheiro also asserted that the evidence established as a matter of law that, as a third-party contractor, it owed no duty to the plaintiff, and that the ramp upon which the plaintiff fell was both open and obvious and not inherently dangerous.
The Supreme Court granted Pinheiro's motion on the ground that it was bound by its prior determination awarding summary judgment in favor of the other defendants. The plaintiff appeals.
We disagree with the Supreme Court's conclusion that its order entered July 14, 2016, constituted the law of the case with respect to the issue of Pinheiro's potential liability. "Pursuant to the doctrine of [the] law of the case, judicial determinations made during the course of . . . litigation before final judgment is entered may have preclusive effect provided that the parties had a full and fair opportunity to litigate the initial determination" (Sterngass v Town Bd. of Town of Clarkstown, 43 AD3d 1037, 1037; accord Ruffino v Green, 72 AD3d 785, 786). However, "[t]he doctrine . . . applies only to legal determinations that were necessarily resolved on the merits in [a] [*2]prior decision, and to the same questions presented in the same case" (Mosby v Parilla, 140 AD3d 1129, 1130-1131 [internal quotation marks omitted]; see Ramanathan v Aharon, 109 AD3d 529, 530; Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717).
Here, the doctrine of the law of the case is inapplicable, because the order entered July 14, 2016, reflects that summary judgment was awarded in favor of the moving defendants upon grounds that were specific to those defendants. The Supreme Court determined that (1) Gordon-Herricks Corp., as the out-of-possession landlord of the premises where the accident occurred, was not liable for negligence with respect to the condition of the premises; (2) Gordon Broadway Corp., the owner of the adjacent property, had no role with respect to the subject premises and owed no duty of care to the plaintiff; (3) the plaintiff's causes of action against Coffee Distributing Corp. and Compass Group USA, Inc., were barred by Workers' Compensation Law § 11; and (4) Compass Holdings, Inc., had no legal existence at the time of the plaintiff's alleged injury. There was no determination of the issues of liability asserted against Pinheiro. In any event, this Court is not bound by the law of the case (see Latture v Smith, 304 AD2d 534, 535; Post v Post, 141 AD2d 518, 519).
Nevertheless, Pinheiro established its prima facie entitlement to summary judgment on the ground that, as a third-party contractor, it owed no duty to the plaintiff and that there was no evidence that it "launched a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d 136, 142 [internal quotation marks omitted]; see Guerrero v Commander Elec., Inc., __ AD3d __, 2019 NY Slip Op 01570 [2d Dept 2019]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
Accordingly, we agree with the Supreme Court's determination granting that branch of Pinheiro's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court