Express Trade Capital, Inc. v Horowitz (2021 NY Slip Op 05773)





Express Trade Capital, Inc. v Horowitz


2021 NY Slip Op 05773


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Index No. 656949/19 Appeal No. 14437 Case No. 2021-01170 

[*1]Express Trade Capital, Inc., Plaintiff-Respondent,
v
Brian Horowitz, et al., Defendants-Appellants.


Law Offices of Michael J. Langer, P.C., Mineola (Michael J. Langer of counsel), for appellants.
Express Trade Capital, Inc., New York (Benjamin M. Ellis of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about October 1, 2020, as amended, which denied defendants' motion to vacate their default, unanimously affirmed, with costs.
Defendants failed to proffer either a reasonable excuse for their default or a meritorious defense (see Eugene DiLorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). They admitted that they had received various "papers" from plaintiff, including the motion, and invoked the pandemic, but did not explain how it interfered with their ability to respond.
The forum selection clause in the settlement agreement between the parties is a sound basis for the exercise by the court of personal jurisdiction over defendants, and, since there is no evidence that the clause is the product of fraud or overreaching or is unfair or unreasonable, is enforceable (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Williams, 223 AD2d 395, 398 [1st Dept 1996]). Having agreed by contract to submit to the jurisdiction of the court, defendants are precluded from attacking the court's jurisdiction on forum non conveniens grounds (see Sterling Natl. Bank v Eastern Shipping Worldwide, Inc., 35 AD3d 222, 223 [1st Dept 2006]). Moreover, defendants' confessions of judgment admitted that they were doing business in New York.
The 2019 amendment to CPLR 3218(a)(1) is inapplicable. It concerns entry of a judgment against a nonresident without an action. Plaintiff filed an action under CPLR 3213, which the court correctly concluded was appropriate based on the settlement agreement and confessions of judgment.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021