## Frio Energy Partners, LLC v Finance Tech. Leverage, LLC

2026 NY Slip Op 30750(U)

February 17, 2026

Supreme Court, New York County

Docket Number: Index No. 652961/2025

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. EMILY MORALES-MINERVA__          PART            42M

*Justice*

-------------------------------------------------------------------X

FRIO ENERGY PARTNERS, LLC

                                Plaintiff,

              - v -

FINANCE TECHNOLOGY LEVERAGE, LLC,

                            Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652961/2025 |
| MOTION DATE | 06/25/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 2
were read on this motion to/for      __JUDGMENT - SUMMARY IN LIEU OF COMPLAINT__.

APPEARANCES:

    Kelley Drye & Warren LLP, New York, New York (Levi Matthew
    Downing, Esq., of counsel) for plaintiff.

HON. EMILY MORALES-MINERVA:

    In this action to recover payment due upon a settlement
agreement and confession of judgment, plaintiff FRIO ENERGY
PARTNERS, LLC moves, by notice of motion (sequence number 02),
pursuant to CPLR § 3213, for summary judgment in lieu of a
complaint. Defendant FINANCE TECHNOLOGY LEVERAGE LLC does not
appear or submit opposition to the motion.

    Now, upon review of the application and supporting materials,
the Court grants the motion (seq. no. 02) entirely.[1]

---

[1] Plaintiff moved, by order to show cause (motion sequence number 01), to seal
certain documents filed on NYSCEF, which the undersigned declined to sign
(see NYSCEF Doc. No. 14, proposed order to show cause, declined to sign).

**652961/2025  FRIO ENERGY PARTNERS, LLC vs. FINANCE TECHNOLOGY LEVERAGE, LLC**     **Page 1 of 12**
**Motion No.  002**

[* 1]

## BACKGROUND

In or about 2022, plaintiff FRIO ENERGY PARTNERS, LLC (plaintiff) commenced an action against defendant FINANCE TECHNOLOGY LEVERAGE LLC (defendant) in the United States District Court for the Southern District of New York pursuant to Index No. 1:22-cv-9766-LJL (see New York State Electronic Court Filing System [NYSCEF] Doc. No. 03, plaintiff's memorandum of law in support of its motion for summary judgment in lieu of complaint). The action arose from a dispute concerning the establishment of an investment fund to acquire oil and gas assets (see id.).

On October 24, 2024, the parties resolved the litigation (see id.). Approximately three months later, the parties executed an amended and restated confidential settlement agreement and mutual release dated February 13, 2025 (settlement agreement) (see NYSCEF Doc. No. 05, exhibit A to plaintiff's notice of motion, amended and restated confidential settlement agreement and mutual release, dated February 13, 2025).[2]

---

[2] Pursuant to Section 12 of the settlement agreement, entitled "Governing Law and Forum", the parties agree that "[this] Agreement shall be governed by the laws of the State of New York, without regard to conflict principles that might otherwise point to the law of a different jurisdiction. Any proceeding related to this Agreement, including the enforcement of this Agreement, shall be conducted in the state or federal courts of New York County" (NYSCEF Doc. No. 05, exhibit A to plaintiff's notice of motion, settlement agreement [emphasis added]).

**652961/2025   FRIO ENERGY PARTNERS, LLC vs. FINANCE TECHNOLOGY LEVERAGE, LLC**         **Page 2 of 12**
**Motion No.  002**

The settlement agreement obligated defendant to pay $125,000.00 (settlement amount) to plaintiff on or before March 31, 2025 (see id., § 4 [defendant "shall pay plaintiff the cash sum of $125,000.00 . . . due and payable on or before March 31, 2025"]). Defendant also agreed to pay plaintiff $250,000.00 (default amount) "if it defaults on the [settlement] payment terms" (id., § 3).

Said payment terms are defined in section 4, which provides, "the payment shall be considered in default of this Agreement if it is received after the designated date of it becoming due and payable and if such default is not cured pursuant to Section 5 (c) below" (id., § 4 [b]). Section 5 (c) provides:

> "As consideration for the mutual promises and covenants contained within this Agreement and the releases set forth herein, and to secure [defendant's] obligations to Plaintiff under this Agreement, [defendant], simultaneously with the execution of this Agreement, shall deliver to Plaintiff's counsel an affidavit of confessed judgment (the "Judgment") in the form annexed hereto as Exhibit B. The Parties further covenant as follows:
>
> "a. Covenant Not to File or Execute. Plaintiff agrees not to file, abstract, record, or execute the Judgment so long as [defendant] complies with the Payment Terms of this Agreement. Plaintiff agrees not to file, abstract, record, or execute the Judgment unless and until it has complied with the default, notice and cure terms set forth herein.

> "b. Covenant to Destroy Judgment upon [defendant's] Full Performance. Upon [defendant's] full performance of the Payment Terms of this Agreement, [defendant] agrees to immediately destroy the Judgment.
>
> "c. Default. If [defendant] defaults under this Agreement and fails to cure same within thirty (30) days after notice is provided then Plaintiff shall be entitled to file, request entry of, record, abstract and execute on the Judgment. Defendants agree that they cannot and will not withdraw their prior consent to this Judgment, and that any attempt to withdraw consent will be null and void and without force and effect. Notice of default will be considered valid if delivered to [defendant's] attorney of record, Stephen Arena, unless and until such time as Stephen Arena gives notice that he is no longer representing [defendant] in this matter"

(id., § 5 [a-c] [emphasis added]).

On March 03, 2025, Frederick Giarrusso, CEO of defendant, executed the confession of judgment (judgment) (see id., confession of judgment, attached as exhibit B to the settlement agreement). Therein, defendant acknowledges and agrees that:

> "This confession of judgment is for a debt justly due to the [plaintiff] []. The Settlement Agreement settled certain claims brought by [plaintiff] against [defendant] in the United States District Court for the Southern District of New York, and provides for payment in an amount certain by [defendant]. The Settlement Agreement further provides that in the event there is an uncured default on such payment, [defendant] confesses judgment in the amount of $250,000, less payments made pursuant to the Settlement Agreement, and plus interest

[* 4]

> on the remaining amount owed at the rate of
> 9% per year from the date of such default
> and that [plaintiff] may enter judgment on
> this confession affidavit in such event.
> Accordingly, on default, [defendant]
> acknowledges that this amount is justly due.
>
> "[Defendant] thus hereby confesses judgment
> and authorizes entry thereof in the Supreme
> Court of the State of New York, New York
> County against it in the sum of
> [$250,000.00] less payments made pursuant to
> the Settlement Agreement, and plus interest
> on the remaining amount owed at the rate of
> 9% per year from the date of default"

(id.).

Defendant failed to remit the settlement payment, or any portion thereof, to plaintiff on or before March 31, 2025 (see NYSCEF Doc. No. 03, memorandum of law in support of plaintiff's motion for summary judgment in lieu of complaint). On April 01, 2025, in accordance with the terms of the agreement, counsel for plaintiff served counsel for defendant, Steven J. Arena, Esq., with written notice of defendant's default (see NYSCEF Doc. No. 06, notice of default, dated April 01, 2025). The notice advised that defendant had thirty days -- or until May 01, 2025 -- to cure the default (see id.). The notice further stated that if the default remained uncured, plaintiff "will be entitled to file, request entry of, record, abstract, and execute the judgment" (id.). Defendant failed to cure its default.

652961/2025   FRIO ENERGY PARTNERS, LLC vs. FINANCE TECHNOLOGY LEVERAGE, LLC          Page 5 of 12
Motion No.  002

[* 5]                                          5 of 12

Plaintiff now moves (mot. seq. no. 02), pursuant to CPLR § 3213, for summary judgment in lieu of a complaint against defendant. Therein, plaintiff contends that defendant has failed to cure its default, and has not paid any portion of the $250,000.00 owed under the settlement agreement (see NYSCEF Doc. No. 03, memorandum of law in support of plaintiff's motion for summary judgment in lieu of complaint).

Further, plaintiff asserts that the settlement agreement constitutes an instrument for the payment of money only, because it represents defendant's unconditional promise to pay a sum certain on a specified date without conditions precedent (see id.). Accordingly, plaintiff seeks entry of judgment in the amount of $250,000.00, together with interest at 9% per annum from April 01, 2025, and post-judgment interest from the date of entry of judgment until such time the judgment is paid (see id.). In support of its motion, plaintiff submits the settlement agreement and confession of judgment (NYSCEF Doc. No. 05), the notice of default (NYSCEF Doc. No. 06), a memorandum of law (NYSCEF Doc. No. 03), and an affirmation of its managing partner, Aaron Davis (NYSCEF Doc. No. 04).

On May 19, 2025, plaintiff served the summons and motion papers upon defendant (see NYSCEF Doc. No. 08, affidavit of service, signed and notarized on May 19, 2025; see also CPLR § 311-a [iii] [governing personal service on limited liability

652961/2025  FRIO ENERGY PARTNERS, LLC vs. FINANCE TECHNOLOGY LEVERAGE, LLC  Page 6 of 12
Motion No. 002

6 of 12

[* 6]

companies]). Despite proper service of process, defendant fails to appear or submit opposition to plaintiff's motion (seq. no. 02).

ANALYSIS

A plaintiff may seek relief under CPLR § 3213 "when [the] action is based upon an instrument for the payment of money only" (see Weissman v Sinorm Deli, Inc., 88 NY2d 437, 444 [1996] [holding that CPLR § 3213 begins with the threshold requirement "that the action be based on an instrument for the payment of money only or a judgment"]; see also LFR Collections LLC v Tammy Tran Attorneys at Law, LLP, 238 AD3d 490 [1st Dept 2025]). An instrument qualifies as one for the payment of money only when it does not require any additional performance on the plaintiff's part as a condition precedent to repayment (see PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494, 495 [1st Dept 2017]; see also Fortress Credit Corp. v Cohen, 235 AD3d 553, 554 [1st Dept 2025]). Agreements guaranteeing both payment and performance do not quality as an instrument for the payment of money (see Punch Fashion, LLC v Merck Factors Corp., 180 AD3d 520, 521 [1st Dept 2020]; see also 27 W 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 632 [1st Dept 2021]).

652961/2025  FRIO ENERGY PARTNERS, LLC vs. FINANCE TECHNOLOGY LEVERAGE, LLC          Page 7 of 12
Motion No.  002

7 of 12

Further, "[a] document comes within CPLR § 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms" (Weissman, 88 NY2d at 444 [internal quotation marks and citations omitted]). "The instrument does not qualify if outside proof is needed, other than simply proof of nonpayment or similar de minimis deviation from the face of the document" (id.; see also PDL Biopharma, Inc., 147 AD3d at 495 [holding "[a] document does not qualify for CPLR § 3213 treatment if the court must consult other materials besides the bare document and proof of nonpayment"]).

"Once the plaintiff submits evidence establishing these elements, the burden shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense" (Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]).

Here, plaintiff establishes prima facie that the parties' settlement agreement constitutes "an instrument for the payment of money only", and that defendant defaulted by failing to pay the required settlement amount (CPLR § 3213; see also Express Trade Capital, Inc. v Horowitz, 198 AD3d 529, 530 [1st Dept 2021] [holding that "plaintiff filed an action under CPLR § 3213, which the court correctly concluded was appropriate based on the settlement agreement and confession of judgment"]).

Specifically, plaintiff submits the fully executed settlement agreement (NYSCEF Doc. No. 05); the duly executed and notarized confession of judgment (see id., exhibit B); the notice of default (NYSCEF Doc. No. 06); the amount due (NYSCEF Doc. No. 04); and an affirmation of Aaron Davis, who signed the settlement agreement on behalf of plaintiff and swears, under penalty of perjury, that defendant has failed to pay the settlement amount or any portion thereof (see id.; see also Weissman, 88 NY2d at 444 ["the prototypical example of an instrument within the ambit of the statute is of course a negotiable instrument for the payment of money -- an unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite time"]).

By failing to appear or submit opposition to the motion (seq. no. 02), defendant fails to raise a triable issue as to a defense to the settlement agreement (Sears Holding Mgmt. Corp. v Rockaway Realty Assocs., LP, 176 AD3d 433, 433 [1st Dept 2019] [holding: "as defendants submitted no relevant admissible evidence in opposition to the motion, we affirm the grant of summary judgment [] in plaintiff's favor"]; see also Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Therefore, plaintiff's motion (seq. no. 02) is granted.

Pre-judgment interest is computed "from the earliest ascertainable date the cause of action existed" (CPLR § 5001 [b]

652961/2025   FRIO ENERGY PARTNERS, LLC vs. FINANCE TECHNOLOGY LEVERAGE, LLC                    Page 9 of 12
Motion No.  002

9 of 12

[* 9]

[governing prejudgment interest in equitable actions]). A party is "entitled to interest calculated from the due date as laid out in the [settlement] agreement. Interest on the payments accrues from the time of an actionable breach" (Kellman v Mosley, 60 AD3d 457, 457 [1st Dept 2009]).

Further, CPLR § 5003 provides that post-judgment interest accrues on the judgment from the date judgment is entered (see CPLR 5003 ["Every money judgment shall bear interest from the date of its entry. Every order directing the payment of money which has been docketed as a judgment shall bear interest from the date of such docketing"]). Interest accrues on the full amount of the judgment so long as the judgment is unpaid (see Mahoney v Brockbank, 142 AD3d 200, 203 [2d Dept 2016] ["interest on the judgment continues to accrue until the judgment is satisfied"]).

Here, the missed settlement payment was due on March 31, 2025. Therefore, plaintiff is entitled to 9% interest per year from April 01, 2025, the date of default (see NYSCEF Doc. No. 05, exhibits A and B to plaintiff's notice of motion, settlement agreement and confession of judgment [defining the interest rate as 9% per year from the date of default]). Plaintiff is also entitled to post-judgment interest at the rate of 9% per year, from the date of entry of judgment until such time as the judgment is paid (see CPLR § 5003).

Accordingly, it is hereby

ORDERED that plaintiff's FRIO ENERGY PARTNERS, LLC CPLR § 3213 motion (sequence number 02) for summary judgment in lieu of a complaint is granted; it is further

ORDERED that plaintiff FRIO ENERGY PARTNERS, LLC is awarded a judgment against defendant FINANCE TECHNOLOGY LEVERAGE LLC for the amount of $250,000.00, plus interest at the rate of 9% per annum from April 01, 2025, and post-judgment interest at the rate of 9% per annum from the date of entry of the judgment until such time the judgment is paid; it is further

ORDERED that the Clerk of Court is directed to enter judgment in favor of plaintiff FRIO ENERGY PARTNERS, LLC and against defendant FINANCE TECHNOLOGY LEVERAGE LLC in the amount of $250,000.00, plus interest at the rate of 9% per annum from April 01, 2025, and post-judgment interest at the rate of 9% per annum from the date of entry of the judgment until such time the judgment is paid; and it is further

ORDERED that plaintiff FRIO ENERGY PARTNERS, LLC shall serve a copy of this order with notice of entry on defendant FINANCE TECHNOLOGY LEVERAGE LLC, as well as on the Clerk of the Court, who shall enter judgment accordingly.

652961/2025   FRIO ENERGY PARTNERS, LLC vs. FINANCE TECHNOLOGY LEVERAGE, LLC          Page 11 of 12
Motion No. 002

11 of 12

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 2/17/2026 | | | |
|---|---|---|---|
| **DATE** | | **EMILY MORALES-MINERVA, J.S.C.** | |

| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | X GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

652961/2025   FRIO ENERGY PARTNERS, LLC vs. FINANCE TECHNOLOGY LEVERAGE, LLC   Page 12 of 12
Motion No.  002

12 of 12